[Civil No. 671.   Filed June 2, 1899.]

[57 Pac. 611.]

JAMES H. McCLINTOCK et al., Defendants and Appellants, v. J. H. BOLTON, Defendant and Appellee. J. C. GOODWIN, Intervener.

1. APPEAL AND ERROR—RECORD—ASSIGNMENTS OF ERROR—MATTERS WITHOUT THE RECORD—AFFIDAVITS.—This court may not regard assignments of error which are based upon no matter of record in a cause, but which are supported wholly by the affidavit of counsel for appellant.

2. SAME—JURISDICTION OF TRIAL COURT—CANNOT BE QUESTIONED ON APPEAL WHERE THERE IS A GENERAL APPEARANCE BELOW.—Appellant cannot on appeal question the jurisdiction of the lower court where the record shows a general appearance below.

3. PLEADING—ANSWER—CROSS-COMPLAINT—NATURE OF TO BE DETERMINED BY DEFENSE.—The character of a pleading, and whether it be an answer or a cross-complaint, must be determined from the nature of the defense as made, no matter what the pleader may choose to term it.

4. SAME—SAME—TENDER—DEFENSE—NEEDS NO REPLICATION.—Tender, like a plea of payment, is but a defense, and, when set up in an answer, needs no replication, under our system of pleading.

5. SAME — SAME — FORECLOSURE — INVALIDITY OF INDEBTEDNESS—REQUIRES NO ANSWER.—A plea to a suit to foreclose a mortgage, denominated a cross-complaint, setting up that the note and mort-

gage sued upon did not represent a valid indebtedness, is in effect a denial that the mortgages were valid and subsisting liens against the premises, matter which the court was required to find before any valid judgment of foreclosure could be made, and is not in the nature of a cross-complaint, and requires no answer.

6. Interest—Note—Attorney's Fees—Bear Interest at Legal Rate.—It is error to render judgment upon a note bearing interest and providing an attorney fee in event of suit, for the amount of the note and attorney fee with interest upon the whole at the rate mentioned in the note. The attorney fee should bear interest at the legal rate.

7. Same—Judgment—Action on—Conformity to Former Judgment—Interest—Legal Rate.—A judgment in an action upon a judgment should correspond therewith as to the interest upon the principal sum, but the interest upon the interest accrued under the former judgment should be computed at the legal rate.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Modified.

A. J. Daggs, for Appellants.

It is the order of the court transferring the case to another district for trial that transfers the jurisdiction, and when the court having the power to make it does make it, it vests the jurisdiction *ipso facto* in the court to which it is sent, and nothing but an order from the court to which it is sent remanding this case back can ever again reinvest the original court with jurisdiction. *Hatch* v. *Galvin,* 50 Cal. 441; *Ryburn* v. *Pryor,* 10 Ark. 417; *Goodhue* v. *People,* 94 Ill. 37; *Fan* v. *Fuller,* 12 Iowa, 83; *Wormley* v. *Canal Dist.,* 45 Iowa, 666; *Smith* v. *Commonwealth,* 95 Ky. 322, 25 S. W. 106; *Dimmit* v. *Robbins,* 74 Tex. 441, 12 S. W. 94; *State* v. *Compton,* 77 Wis. 460, 46 N. W. 535; *Fatt* v. *Fatt,* 78 Wis. 633, 48 N. W. 52; *Ammons* v. *State,* 9 Fla. 530; *Walcott* v. *Walcott,* 32 Wis. 63; *Franco-Texan Land Co.* v. *Howe,* 3 Tex. Civ. App. 315, 22 S. W. 766.

W. J. Kingsbury, and Kibbey & Edwards, for Appellee.

"If a court has once jurisdiction, and shall so have exercised it as to have lost jurisdiction it may be restored by the consent of the parties." *Taylor* v. *Atlantic and Pacific R. R. Co.,* 68 Mo. 397; *Gager* v. *Doe,* 29 Ala. 341.

SLOAN, J.—On the twenty-first day of July, 1894, John H. Bolton brought suit in the district court of Maricopa County against James H. McClintock, A. J. Daggs, and P. J. Cole to foreclose a mortgage on the southeast quarter of section twenty-two, township 1 south, range 4 east, of the Gila and Salt River base and meridian, executed by defendant James H. McClintock to secure his promissory note in the sum of five hundred and fifty dollars, dated December 30, 1890, and made payable to said John H. Bolton. The complaint alleged that the defendants A. J. Daggs and P. J. Cole had, or claimed to have, some interest in or lien on said mortgaged premises which had accrued since the execution of the mortgage. Personal service was had upon the defendants McClintock and Cole, and service by publication was had on defendant A. J. Daggs. Default was taken against all of the defendants, and at the November, 1894, term of said court, judgment by default was duly entered against McClintock in the sum of five hundred and fifty dollars, with interest on the same at the rate of one and one half per cent per month, compounded quarterly from the seventh day of July, 1893, until paid, and for the sum of fifty-five dollars attorney's fees and for all costs of suit, and a decree entered foreclosing the mortgage lien on said premises, and directing the sale of the same to satisfy said judgment. On the nineteenth day of March, 1895, and during the term at which said judgment was entered, one J. C. Goodwin applied to the courts for an order setting aside said judgment, and permitting him to intervene in the said action. The order was consented to by Bolton, the plaintiff in the case, and J. C. Goodwin was permitted to intervene and file an answer to the cause of action set up by the plaintiff. In this answer Goodwin set forth that on October 16, 1893, said James H. McClintock and Sara A. McClintock gave their promissory note to the Phœnix National Bank, of Phœnix, Arizona, in the sum of three hundred dollars, payable on the sixteenth day of April, 1894, and drawing interest at the rate of one and one half per cent per month from date until paid, and providing for an attorney's fee of ten per cent upon the amount due in case of suit; that said note was secured by mortgage on the said southeast quarter of section twenty-two, township 1 south, range 4 east, etc.; that thereafter the said Phœ-

nix National Bank instituted suit against the said James H. McClintock and Sara A. McClintock in the said district court, and on the twenty-third day of November, 1894, obtained judgment in its favor for the sum of $389.50, and for the foreclosure of said mortgage; that said judgment, on the 16th of March, 1895, had been duly assigned and transferred to the intervener, who then became the legal owner and holder thereof. Intervener prayed that the sum due on said judgment be declared a lien on the said real estate second to the lien of the plaintiff Bolton, and that the said real estate be decreed and directed to be sold, and from the proceeds thereof there be first paid the claim of the plaintiff, and, second, intervener's claim. The order setting aside the judgment was made by the Honorable John J. Hawkins, district judge. Subsequently, and during the same term, the defendant A. J. Daggs appeared before said court by counsel, and applied for an order suspending all further proceedings in the cause until the further order of the court, which was accordingly entered. Subsequently, and during the same term, the following order was entered by the Honorable A. C. Baker, presiding judge of said district court: "The court, on its own motion, orders that this case be, and the same is hereby, transferred to the fourth judicial district in and for the county of Yavapai for trial, for the reason that the judge of this court is disqualified to try the same." The record does not disclose any other proceedings in the cause until April 3, 1897, which was a regular judicial day of the November, 1896, term of said court. The minutes of the court for this day show that, on motion of the attorney for the defendants, it was ordered that the order theretofore entered, transferring the cause to Yavapai County for trial before the Honorable John J. Hawkins, be vacated and set aside, and the papers in the cause returned to the clerk of the said district court in and for Maricopa County, and the cause be placed upon the docket for trial. On December 11, 1897, and at the November, 1897, term of said court, the defendant A. J. Daggs appeared, and moved the court to strike the cause from the docket for want of jurisdiction. This motion was denied. During the May term, 1898, of said court, the London Company, by A. J. Daggs, its attorney, moved the court for leave to file an application to intervene in the cause, which

motion was granted. The record does not show whether the application was thereafter actually made, or whether, when made, the London Company was permitted to intervene in the action. On October 8, 1898, the cause was set down for trial for the eighteenth day of October, 1898. On October 15, 1898, defendant A. J. Daggs applied to the court for an order setting aside the default theretofore,—to wit, on the 13th of November, 1894,—entered against him in the cause, and that he be allowed to file his answer therein. Thereupon the court ordered the default set aside, and granted said defendant leave to file his answer, and the answer was thereupon filed by said defendant. Upon the trial of the action, testimony was introduced upon behalf of the plaintiff, as well as upon behalf of the intervener, J. C. Goodwin. No testimony was introduced by or on behalf of defendant Daggs. The latter contented himself with objecting to the introduction of testimony on the part of plaintiff and intervener, upon the ground that no answer had been filed by them to what he termed his verified cross-bill. The court found that the interest of plaintiff John H. Bolton in and to the note and mortgage sued upon by him had been, since the commencement of the suit, assigned and transferred to Mary Goodwin, and ordered that said Mary Goodwin be substituted as the party plaintiff in the suit, and that the proceedings thereafter should be prosecuted in her name, as plaintiff, as the legal successor in interest of said John H. Bolton. The court further found from the proof that there was due to the said Mary Goodwin upon the note of the defendant James H. McClintock, given to the said John H. Bolton and assigned to said Mary Goodwin, the sum of $1,405.40 principal and interest, and the further sum of $140.54 attorney's fees. The court further found that there was due and unpaid upon the judgment theretofore obtained by the Phœnix National Bank against James H. McClintock and Sara A. McClintock, and which had theretofore been assigned to intervener James C. Goodwin, the sum of $648.67, being the amount of principal, interest, and costs due. The court further found that the amount due plaintiff was secured by mortgage on the lands described in the complaint, and that the said mortgage constituted the first lien upon the same, and further found that the amount due intervener J. C. Goodwin constituted a second lien upon said premises. The

court ordered, adjudged, and decreed that the said premises
be sold according to law, and that out of the proceeds of said
sale there should be paid—First, the costs of said sale; second,
the amount due Mary Goodwin found as aforesaid; third, the
amount found to be due intervener James C. Goodwin; and,
fourth, that the surplus, if any, should be paid to whom-
soever may be entitled to the same, and that all the right,
title, and equity of all the parties to the suit in and to said
premises, and every part thereof, be forfeited, barred, and
foreclosed. From this judgment, and from the order overrul-
ing defendant A. J. Daggs's motion for a new trial, he
brings this appeal. The London Company also joins in the
appeal; but, as the record nowhere discloses that the latter
had any standing as intervener, or ever became a party to the
cause, we will consider the appeal as though taken by de-
fendant A. J. Daggs, and by him only. Appellant has filed a
voluminous brief, in which are a large number of assignments
of error. Grouping these assignments, and disregarding those
which are based upon no matter of record in the cause, but
which are supported wholly by the affidavit of counsel for
the appellant made in the assignments, and which therefore
we may not regard, three questions are presented: 1. That
the court had lost jurisdiction of the case by reason of the
order made by the presiding judge transferring the cause
for trial to the fourth judicial district; 2. That no answer
was made to what appellant terms in the assignment his
verified cross-answer filed by him, and he was therefore en-
titled to judgment according to the prayer of said answer;
and 3. That the judgment is excessive.

1. The question whether the district court of Maricopa
County had lost jurisdiction of this cause by reason of the
order made by the presiding judge at the November, 1894,
term of said court, is not one which appellant can, under the
record, now raise. It is true the record discloses that a
motion was made by appellant in the court below to have
the cause stricken from the files, for the reason, as assigned,
that the court had no jurisdiction of the action. At the time
the motion was presented, appellant was in default, and had
no right, therefore, to appear; but, however this may be, his
appearance, if such it was, was not special, but a general one
Again, at a subsequent term at which this motion was made,

appellant appeared and formally applied to have the default taken against him set aside, and for leave to file an answer in the suit. The court permitted the default to be vacated, and gave appellant leave to answer, whereupon appellant appeared and answered without raising the question of jurisdiction. It matters not, therefore, whether the order transferring the cause to the Yavapai County court was valid, or whether, as subsequently regarded by the trial court, it was nugatory and void. The appellant voluntarily appeared in the action, and by his consent conferred jurisdiction upon the trial court. The court had jurisdiction of the subject-matter, and, by consent of parties and the voluntary appearance of appellant, had jurisdiction of the persons. *Center Township* v. *Marion County Comrs.,* 110 Ind. 579, 10 N. E. 291; *Gager* v. *Doe,* 29 Ala. 341.

2. The answer made by A. J. Daggs, and which he terms a verified cross-answer or complaint, is too lengthy to be given in full. It is discursive, argumentative, and in many particulars inconsequential. There may be gathered from it, however, two defenses which the pleader had in mind, and which he has attempted, however badly, to set up. The first is a tender of the amount due upon the note and mortgage set forth in the complaint, and, second, that said note and mortgage had been fraudulently assigned to Mary Goodwin, and the judgment obtained by the Phœnix National Bank had been fraudulently assigned to intervener J. C. Goodwin in the interest of, and for the benefit of, James H. McClintock and Sara A. McClintock, and that, at the time of said intervention by said J. C. Goodwin, the indebtedness represented by the note and mortgage set forth in the complaint, as well as the indebtedness represented by the judgment obtained by the Phœnix National Bank, had been paid by the said McClintocks, and that said assignments were made, and that said suit was being prosecuted, for the purpose and intent that the premises sought to be foreclosed should be sold to satisfy the said indebtedness, to the injury of the defendant as the owner of said premises.

It is contended by appellant that the answer so made by him was one which required a replication by the plaintiff and by the intervener, and that in default thereof he should have been given a judgment according to the prayer with which

said answer was concluded, which was, in effect, that the mortgages given to secure the indebtedness represented by the note given to plaintiff, and by the judgment obtained by the Phœnix National Bank, should be decreed to be a cloud upon the defendants' title, and that said premises be freed from the lien of said mortgages. No matter what appellant may choose to term this pleading on his part, nor what affirmative relief he may have asked therein, the character of the pleading, and whether it be an answer or a cross-complaint, must be determined from the nature of the defense as made. Tender, like a plea of payment, is but a defense, and when set up in an answer needs no replication under our system of pleading.

The second defense made by appellant was likewise not one that required a replication, inasmuch as it merely raised the question of the right of the plaintiff and intervener to maintain the action, for the reason, as alleged, that the note and mortgage, as well as the judgment, did not represent a valid indebtedness against the McClintocks. It must be remembered that A. J. Daggs was made a defendant because he held the legal title to the premises sought to be foreclosed, and that his sole interest lay in defeating a foreclosure of the mortgages and a sale of the premises to satisfy the same. The effect of his answer and both defenses is a denial that the mortgages were valid and existing liens against the premises, matters which the court was required to find before any valid decree or judgment foreclosing said mortgages and ordering said sale could be made. The answer, therefore, of appellant was not in the nature of a cross-complaint, and needed no answer thereto.

3. We find the judgment to be erroneous in two particulars: First. The court found that there was due Mary Goodwin, the successor in interest of John H. Bolton, the sum of $1,405.40, and allowed an attorney's fee of ten per cent upon this amount, and gave judgment for the amount found due, together with said attorney's fee, and allowed interest on the total amount of the judgment at the rate of one and one half per cent per month. Under the terms of the note, the judgment should have been for $1,405.40, with interest thereon at one and one half per cent per month, and for the further sum of $140.54 attorney's fee, with interest thereon at seven per

cent per annum, together with the costs, which were taxed at $39.65. Second. The court found that there was due James C. Goodwin upon the judgment assigned to him by the Phœnix National Bank the sum of $648.67, and allowed interest on $513.30 of this amount at the rate of one and one half per cent per month, and interest upon $135.37 thereof at the rate of seven per cent per annum. The judgment sued upon was for the amount of $406.05, including costs. Of this amount, the judgment provided that three hundred dollars should bear interest from the date of the judgment,—to wit, the twenty-third day of November, 1894,—until paid, at the rate of one and one half per cent per month. The judgment, therefore, in this case should have corresponded with the judgment sued upon; that is to say, the judgment should have been that said James C. Goodwin have and recover the sum of three hundred dollars, with interest thereon from the twenty-third day of November, 1894, until paid, at the rate of one and one half per cent per month, and the further sum of $206.05, with interest thereon from said twenty-third day of November, 1894, at the rate of seven per cent per annum until paid. We find no reversible error in the record which requires the granting of a new trial, but the court below is directed to modify its judgment in the particulars in which we have hereinbefore found it to be erroneous.

Doan, J., and Davis, J., concur.