[Civil No. 1861. Filed January 26, 1921.]

[194 Pac. 1099.]

In the Matter of the Estate of LEZIN AUGUSTUS AMIRAULT, Deceased. JOSEPH T. TAYLOR, Administrator of the Estate of LEZIN AUGUSTUS AMIRAULT, Appellant, v. NATIONAL BANK OF ARIZONA, a Creditor, Appellee.

1. BILLS AND NOTES—CREDITOR'S PROCEEDING AGAINST MAKER'S ADMINISTRATOR A "SUIT," WITHIN STIPULATION PROVIDING FOR ATTORNEY'S FEES.—Proceeding by holder of a decedent's note against his administrator to obtain order requiring the administrator to sell property of the estate to pay the note or claim was a "suit," within the stipulation of the note providing for payment of attorney's fees in case of suit brought or attorney employed to collect the note.

2. EXECUTORS AND ADMINISTRATORS—PRESENTATION OF COPY OF NOTE SUFFICIENT PRESENTATION OF CLAIM FOR ATTORNEY'S FEES STIPULATED FOR.—Under Civil Code of 1913, paragraphs 883, 886, 889, presentation to decedent's administrator of a copy of a note providing for payment of attorney's fees in case of suit brought or attorney employed to collect it was sufficient presentation to the administrator of the holder's claim for attorney's fees.

3. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF DECEDENT'S NOTE NOT REJECTION OF CLAIM FOR ATTORNEY'S FEES WITHIN LIMITATION STATUTE.—Where decedent's note provided for payment of attorney's fees if suit was brought or attorney employed to collect it, allowance of the note by decedent's administrator for the full sum of the principal and interest due on the note was not a rejection of the holder's claim for attorney's fees, so that failure to bring suit on the claim within ninety days thereafter barred it under Civil Code of 1913, paragraph 887.

APPEAL from an order of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Order affirmed.

### STATEMENT OF FACTS.

Lezin Augustus Amirault died intestate on the ninth day of December, 1918. On the twenty-third day of December, 1918, letters of administration on the estate of said deceased were duly issued to the appellant. On February 8, 1919, the appellee presented to the appellant, as such administrator, its verified claim against the estate of said deceased, based upon two promissory notes, executed by the deceased in his lifetime, one in the principal sum of eleven thousand four hundred fifty dollars and the other for three . hundred · dollars; a copy of each note was attached to the claim and made a part thereof. The note for eleven thousand four hundred fifty dollars contained the following stipulation:·

"If suit be brought or attorney employed to collect this note, I promise to pay as attorney's fee $500 additional on the amount found due on this note."

Upon said date last above mentioned, the claim so filed was allowed by the administrator of the estate for the principal sums of said notes and accrued interest, and subsequently the claim in such amounts was duly and regularly approved by the judge of the court. On May 13, 1920, the appellee filed its petition, alleging that the administrator had failed and neglected to apply to the court for an order to sell the personal or real estate of said estate for the purpose of paying the petitioner's said claim, and praying for an order to show cause against appellant why certain real and personal property in the hands of the appellant as such administrator should not be ordered sold for the purpose of paying the petitioner's claim, and praying also:

"That this court make and enter an order allowing your petitioner the sum of $500 attorney's fees, as provided in the promissory note hereinabove referred to and executed by the deceased during his lifetime, and that the said sum so allowed by the court be made a claim in favor of this petitioner against said estate in addition to the principal amounts of said notes and interest due and to become due thereon to be paid by said administrator from the moneys and assets of said estate."

On June 28, 1920, a hearing was had upon the petition and order to show cause. Proof was submitted by the respective parties and on said date the court entered an order requiring the appellant to sell certain real property belonging to the estate of the said deceased, and further ordering the payment to the appellee out of the proceeds of such sale of the sum of five hundred dollars as attorney's fees. From this order directing the payment of five hundred dollars as attorney's fees out of the proceeds of such sale of real estate, the administrator appeals.

Mr. F. C. Struckmeyer and Mr. C. E. Johns, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

BAKER, J. (After Stating the Facts as Above.)— It is claimed by the appellant that the proceeding instituted by the appellee, to obtain an order of the court requiring the administrator to sell the property of the estate for the purpose of paying the appellee's claim, was not a "suit" within the meaning of the stipulation in the note providing for attorney's fees. His contention is that the proceeding was a collateral matter not contemplated by the parties. 8 Corpus Juris, 1029. We do not think this contention is tenable. Although the proceeding may not have been a suit within the technical meaning of that term, still it was a resort to a judicial tribunal for the purpose of enforcing the payment of appellee's claim and was rendered necessary by the nonaction of the administrator. Such a proceeding would require the services of an attorney just as much as the services of an attorney would be required to enforce the payment of a demand against an individual by the filing of a complaint in an ordinary suit. We do not think that the language of the stipulation which provides for the payment of attorney's fees in case "suit be brought or attorney employed to collect this note" should be restricted to a suit in equity or an action at law. The proceeding was essentially a "suit" to enforce the payment of the claim. *Simmons* v. *Terrell et al.,* 75 Tex. 275, 12 S. W. 854.

It is also contended that the claim for the attorney's fee was never presented to the administrator, and hence that no suit could be maintained for the purpose of collecting such claim under the express provisions

of paragraph 889 of the Revised Statutes of Arizona of 1913, which provides:

"No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case."

But a copy of the note containing the stipulation for the attorney's fee was presented to the administrator. Paragraph 886 of the Revised Statutes of Arizona of 1913 provides:

"If the claim is founded on a bond, bill, note or any other instrument, a copy of such instrument must accompany the claim."

Paragraph 883 provides:

"If the claim be not due when presented, or be contingent, the particulars of such claim must be stated."

The claim as presented contained "all the particulars" which paragraph 883 requires to be stated on the filing of a contingent claim. The appellee was not bound to make an express claim for attorney's fees. In *Landis* v. *Woodman*, 126 Cal. 454, 58 Pac. 857, 858, the Supreme Court of California, in construing the statute of that state from which our paragraph 883 was taken, held:

"The requirement of Code Civ. Proc., § 1494, that the particulars of a claim against an estate must be stated if it is not due when presented, is complied with in the case of a claim based on an ordinary note, if the particulars appearing on the face of the note are stated."

See, also, *Crocker-Woolworth National Bank* v. *Carle*, 133 Cal. 409, 65 Pac. 951, 952.

It is furthermore contended that the claim for attorney's fee was rejected by the administrator, and that owing to the failure to bring suit on the claim within ninety days thereafter the claim was barred.

Paragraph 887 of the Revised Statutes of Arizona of 1913 provides as follows:

"When a claim is rejected, either by the executor or administrator or the judge of the superior court, the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred."

We do not think that the allowance in the form in which it was made was equivalent to a rejection of the claim for attorney's fee. The language of the indorsement does not properly bear this construction. The claim was allowed for the full sum of the principal and interest due on the note. The allowance did not contain any limitation or reservation whatever, and we think it amounted to a direct recognition of the validity of the note and may be construed as an implied allowance of the note, according to its terms and tenor. The claim did not fall due until appellee was compelled to employ an attorney to enforce its payment, and such proceedings were instituted within two months after the claim became due.

The agreement to pay attorney's fee was a part of the contract, contingent, it is true, upon the necessity arising to employ an attorney to enforce payment of the note. This contingency happened by reason of the administrator endeavoring to close the estate without making provisions for the payment of the note.

There was no error in ordering the payment of the attorney's fee out of the proceeds of the sale of the property.

The order is affirmed.

ROSS, C. J., and McALISTER, J., concur.