Edwin A. KRAUTHOFF, Appellant, v. William R. COMPTON, as Receiver of Kansas City Joint-Stock Land Bank, of Kansas City, Missouri, and C. A. Ryker, as Farm Loan Registrar in Federal Land Bank District No. 9, Appellees.[*]

Circuit Court of Appeals, Eighth Circuit.
November 23, 1927.

### No. 7938.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

See, also, 23 F.(2d) 71.

Edwin A. Krauthoff, of Kansas City, Mo. (Bruce W. Sanborn, of St. Paul, Minn., W. F. Lilleston, of Wichita, Kan., Ernest D. Wilson, of Kansas City, Mo., Sanborn, Graves & Ordway, of St. Paul, Minn., and Vermilion, Evans, Carey & Lilleston, of Wichita, Kan., on the brief), for appellant.

Rhodes E. Cave, of St. Louis, Mo. (Herman M. Langworthy, of Kansas City, Mo., Thomas S. McPheeters and Bryan, Williams & Cave, all of St. Louis, Mo., and Langworthy, Spencer & Terrell, of Kansas City, Mo., on the brief), for appellees.

Before LEWIS, Circuit Judge, and SCOTT, District Judge.

PER CURIAM. This suit is like those we have just considered and disposed of

---

[*]Rehearing denied February 10, 1928.

(Nos. 7874, 7875, 7939) 23 F.(2d) 71. It was brought by a creditor who owned bonds issued by Kansas City Joint-Stock Land Bank of Kansas City, Mo., in his own behalf and in behalf of all other creditors who might wish to join in the suit. The bill asks the court to appoint a receiver of the farm mortgages and United States government bonds pledged with C. A. Ryker, registrar, as security for the payment of the bonds. Ryker resides at Wichita, Kan., and the suit was brought in that district because that was the situs of the property that appellant sought to have impounded in receivership. The ultimate relief sought was the same as that in the other cases. It was alleged that controversies would arise in settlement of the insolvent estate, that neither Compton nor the Federal Farm Loan Board which appointed him receiver could exercise judicial functions, that creditors of the bank and its stockholders had a constitutional right to have those controversies determined judicially as they arose, and the bill asks that the court take possession of the assets held by Ryker through a receiver to be appointed by it and then proceed to administer the estate. The bill was dismissed on motion of appellees.

The order of dismissal is affirmed, for the reasons stated in the other cases.