### BENNETT v. LANGWORTHY et al.
#### No. 8889.

Circuit Court of Appeals, Eighth Circuit.
April 6, 1931.

Rehearing Denied May 9, 1931.

Lee W. Hagerman, of St. Louis, Mo. (J. W. Allen, of Kansas City, Mo., and Max O. Truitt and Staunton E. Boudreau, both of St. Louis, Mo., on the brief), for appellant.

Cyrus Crane, of Kansas City, Mo. (E. F. Halstead and John N. Monteith, both of Kansas City, Mo., on the brief), for appellees.

Before STONE and BOOTH, Circuit Judges, and DEWEY, District Judge.

STONE, Circuit Judge.

This is an action against the receiver of the Kansas City Land Bank and various other parties, brought by the representative of a holder and owner of six bonds issued by that bank. The action is in the nature of a creditor's bill against officers of the bank to compel accounting and restitution of moneys alleged to have been diverted from the bank by the officers to their own use. Several of the defendants, not including Langworthy, the receiver, filed a motion to dismiss the petition on the ground that Langworthy was the duly appointed, qualified, and acting receiver of the bank; that he had filed a suit as such with the same purposes as this action; that there was no allegation in this bill that he was failing or refusing to take the necessary action to recover the assets, properties, moneys, funds, and credits due the bank; and that he alone had legal authority, under these circumstances, to enforce such accounting and collection as sought in this action. From an order sustaining the motion and dismissing this action for want of equity, this appeal is brought.

■ Two questions are argued here by the appellant. The first is that Langworthy has no standing in this court, since the dismissal of the action was upon a separate motion in which he did not join. There is no substance in this contention, as Langworthy is a defendant in the action, and is interested in the termination thereof. He is an appellee, and has a right to appear here as such.

■ The other contention relates to the merits of the matter, and is whether a receiver of a land bank has the power to recover funds of the bank improperly diverted by its officers. A receiver of a land bank is not an official of a court, appointed in an equitable action, for the purposes and with the powers of a receiver in equity. Decisions as to the powers and duties of an equity receiver are not controlling because based upon different considerations—for example, the custody of the property and property rights in the court. He is an official appointed by the Federal Farm Loan Board, an executive agency (USCA, title 12, §§ 963 and 961), and has the duties and powers given in the Federal Farm Loan Act, of which the above sections form a part. Such powers and duties are set forth in section 961 as follows:

"Such receiver, under the direction of the Federal Farm Loan Board, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, with the approval of the Federal Farm Loan Board, or upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like approval or order, may sell all the real and personal property of such association, on such terms as the Federal Farm Loan Board or said court shall direct."

■ We have not been cited to any decision which it is claimed directly passes upon the duties and powers of such receiver except Wheeler v. Greene, Receiver, 280 U. S. 49, 50 S. Ct. 21, 74 L. Ed. 160. That action involved the power of such a receiver to enforce the stockholders' liability created by the above act. 280 U. S. at page 50, 50 S. Ct. 21, 74 L. Ed. 160. This decision is not controlling here, because it was determining the somewhat unusual liability of stockhold-

ers, and because the determination was based upon a clear omission in the act. However, it is pertinent as declaring that this portion of this act was modeled after the National Bank Act; in basing the decision upon differences between the wording of those two acts; and in stating that "the receiver had power to collect the assets of the bank. Page 52 of 280 U. S., 50 S. Ct. 21, 22. Therefore the decision suggests that we make a similar comparison of the acts as to the matter here involved, and also ascertain if the right of recovery of diverted assets is to be considered a portion of the assets which this act empowers the receiver to recover. A comparison of this section 961 with the similar section of the National Bank Act (USCA, title 12, § 192) reveals that this portion of section 961 is an exact copy of the like part of section 192. Each reads that: "Such receiver * * * shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it. * * *" It is a rule of statutory construction that, where one statute is patterned after another, and the earlier statute has been theretofore construed, it is presumed such construction was contemplated in the later enactment. Hecht v. Malley, 265 U. S. 144, 153, 44 S. Ct. 462, 68 L. Ed. 949. Applying this rule, we turn to construction placed upon the powers of a national bank receiver under the above-quoted language. In Cooper v. Hill, 94 F. 582, 587, this court said: "* * * The directors and the other officers of a national bank become personally liable to the bank *and its successor in interest, its receiver,* for losses caused by their use of its funds for unauthorized purposes, as well as for culpable negligence in their use *and for their fraudulent appropriation.*" (Italics ours.)

In Cockrill v. Cooper, 86 F. 7, 13, this court said: "The directors of a bank, being agents of the corporation, are bound by the law of agency to act within the scope of the bank's charter and by-laws, and to exercise at all times a reasonable degree of care and diligence in the discharge of the duties which they have been appointed to perform. If they are guilty of a culpable violation of this obligation, and the corporation thereby sustains damage, the directors are personally liable therefor to the corporation while it is a going concern, *and to its receiver when it has become insolvent;* and this without reference to the fact that the franchises of the corporation have not been forfeited." (Italics ours.)

Also see Briggs v. Spaulding, 141 U. S. 132, 11 S. Ct. 924, 35 L. Ed. 662; Adams v. Clarke, 22 F.(2d) 957 (C. C. A. 9); Curtis v. Connly, 264 F. 650 (C. C. A. 1). Aside from this convincing construction of the National Bank Act from which the statute before us is copied, the language used—that the receiver shall collect all "debts, dues, and claims" belonging to the bank—is certainly broad enough to include recovery of sums wrongfully taken from the assets of the bank, and would naturally do so.

We need not discuss what the rights of the creditors of the bank would be as to prosecuting actions for recovery of such money if the receiver was not moving properly in the matter, because here the receiver is litigating these very claims against the former bank officers. Where this is the situation, only confusion and disturbance could result from permitting this duplication of litigation. We think the statute should be construed as empowering the receiver to make such recoveries and as preventing creditors from so doing if and so long as the receiver is doing so in good faith and with proper diligence. See Bailey v. Mosher, 63 F. 488, 491 (C. C. A. 8), as very suggestive on this point, although not directly decisive thereof.

The decree should be, and is, affirmed.