## BRUSSELBACK v. CHICAGO JOINT STOCK LAND BANK et al.

### No. 5019.

Circuit Court of Appeals, Seventh Circuit. March 15, 1934.

Morris Townley, of Chicago, Ill., for appellant.

Harry B. Hurd, Andrew J. Dallstrom, Dwight H. Green, and Ralph C. Perkins, all of Chicago, Ill., H. M. Langworthy, of Kansas City, Mo., and Peyton Evans, and George Wilson, both of Washington, D. C., for appellees.

Clay Judson, of Chicago, Ill., and Henry Woog, of New York City (Benjamin H. Weisbrod, of Chicago, Ill., of counsel), amici curiae.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

Brusselback, on behalf of himself and others, as holders of bonds issued by the Chicago Joint Stock Land Bank which were in default, sought in the District Court foreclosure of assets of the bank and appointment of a receiver. The bill was dismissed for want of equity, and Brusselback appeals, challenging the soundness of the decree solely on the ground that it denied him judicial relief.

The bank was organized under the Federal Farm Loan Act (12 USCA § 641 et seq.), and operated under general supervision of the Federal Farm Board created by the Act. In pursuance of the Act the bank used its original capital of $4,000,000 to purchase farm mortgages. These were assigned to a statutory registrar, appointed by the Farm Board, who held them in trust as security for bonds of the bank which thereupon were issued and sold. The proceeds of these bonds were again loaned out upon farm mortgages, and these mortgages in turn assigned in trust to the registrar as security for further bonds to be issued and sold. By repeating this process there were ultimately issued and outstanding some $42,000,000 in bonds of the bank. The bank also held some United States bonds which it assigned to the registrar as further security for these bonds.

On October 1, 1932, the bank defaulted in the payment of the interest on its bonds, and the Farm Board, pursuant to the power given by the Act to it, declared the bonds to be in default and the bank to be insolvent, and appointed a receiver to whom the assets of the bank, including these securities held by the registrar, were turned over for administration under the Act.

It is appellant's contention that, the farm mortgages having been in the possession of the registrar in trust to secure the payment of the bonds, it is appellant's absolute right to have the trust administered by a court of equity, and that under his bill the court should have taken possession of the trust property and have administered it, to the exclusion of any other administration or control thereof.

In Judge Wilkerson's opinion, reported in 1 F. Supp. 736, there is liberal quotation of material parts of the Federal Farm Loan Act, to which we refer to avoid repetition. We refer also to the treatment in that opinion of the question involved, which has our entire approval. The opinion was rendered in deciding the motion for appointment of a receiver, which motion was denied,

and was later followed by a decree dismissing the bill.

The bill makes no charge of any impropriety on the part of the statutory receiver or of the Farm Board, or of any one else, in connection with the constitution of the federal receivership or its administration of the property, but predicates the relief sought entirely upon the alleged unqualified right of appellant to have the bank's property administered in a court of equity.

The same question here in issue has been litigated in the Eighth circuit, and was considered by the Circuit Court of Appeals there in four different opinions. Krauthoff v. Kansas City Joint-Stock Land Bank, 23 F.(2d) 71; Krauthoff v. Compton, 23 F.(2d) 73; Krauthoff v. Kansas City Joint-Stock Land Bank, 31 F.(2d) 75; Bennett v. Langworthy, 49 F.(2d) 574. The conclusions reached were that the Federal Farm Loan Act contemplated that in case of the insolvency of the bank all of its estate and property, including its farm mortgages taken pursuant to the Act, should be administered by the receiver constituted as in the Act provided, under the general supervision of the Farm Board. In a recent case in the District Court of the Eastern District of Missouri there was another suit brought for administration in that court of the assets of such a bank, wherein Judge Faris rendered an opinion upholding the right of the receiver under the Farm Board to administer the property, and ordering dismissal of the bill of complaint. Partridge v. St. Louis Joint Stock Land Bank (Nov. 25, 1933) 6 F. Supp. 395.

Gibbes v. Zimmerman, 290 U. S. 326, 54 S. Ct. 140, 78 L. Ed. ——, was an appeal from an order of the South Carolina Supreme Court granting a writ of prohibition to stay a proceeding in equity for appointment of a receiver for an insolvent bank. Under appropriate legislation, the state banking authorities had appointed a conservator for the bank, who under the statute was duly administering the bank's affairs and assets. The statutory conservatorship was assailed on the ground that thereby the appellant was deprived of due process as guaranteed by the Fourteenth Amendment to the Federal Constitution. The court held that there was no vested right in any particular form of remedy, that the remedy afforded by the state statute preserved all of the appellant's substantive rights, and that, in the absence of allegation or showing that the statutory conservatorship would unduly

and inequitably deplete the assets and burden the bank's creditors, the granting of the writ of prohibition should be and it was sustained.

In the entire absence here of allegations and showing which would justify equitable interference, the District Court properly dismissed the bill of complaint.

Decree affirmed.