## FEDERAL LAND BANK OF BERKELEY *v.* WARNER ET UX.

No. 498. Argued February 16, 1934.—Decided April 2, 1934.

Mr. *Peyton R. Evans*, with whom *Messrs. Richard W. Young* and *Scott W. Hovey*, and *Miss May T. Bigelow* were on the brief, for petitioner.

No appearance for respondents.

By leave of Court, *Mr. Irving P. Whitehead* filed a brief on behalf of numerous Federal Land Banks, as *amicus curiae.*

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondents gave petitioner a mortgage on their farm lands in Arizona to secure a loan of $7,200 made in accordance with the Farm Loan Act.[1] The mortgage provides that in case of suit to foreclose the mortgagors shall pay a reasonable attorney's fee to be fixed by the court. And that clause is valid under Arizona law.[2] The borrowers having failed to pay according to their promise, petitioner brought this suit to foreclose the mortgage and prayed that an attorney's fee of $125 be included in the judgment. Respondents objected to the allowance of any amount on account of that item, the trial court sustained their contention, and the supreme court upheld that part of the decree upon the ground that the collection of such a fee is forbidden by the following part of § 31: " No land bank . . . shall charge or receive any fee, commission, bonus, gift, or other consideration not herein specifically authorized." 12 U.S.C., § 983.

That construction cannot be sustained. The Act establishes coöperation between borrowers on farm mortgages and investors in the bonds secured by them. The requirement, by means of the mortgage provision, that a mortgagor shall bear the expense put upon the bank by his default is reasonable and in harmony with that principle.

---

[1] Federal Farm Loan Act of July 17, 1916, 39 Stat. 360, as amended. 12 U.S.C., § 636, *et seq.*

[2] This case, 42 Ariz. —. *McClintock* v. *Bolton* (1899) 6 Ariz. 370, 377; 57 Pac. 611. See *Estate of Amirault* (1921) 22 Ariz. 122; 194 Pac. 1099. *Maxey* v. *Somerton State Bank* (1921) 22 Ariz. 371; 197 Pac. 894. *O. S. Stapley Co.* v. *Rogers* (1923) 25 Ariz. 308; 216 Pac. 1072. § 3840, R.C., 1928.

In the absence of a plain expression to that effect, it may not be held that Congress intended to put upon non-defaulting borrowers any part of the expense of foreclosure of mortgages made by others. The Act does not prescribe proceedings for foreclosure but indicates that state laws are to govern. Section 30 directs the land bank commissioner to examine the laws of each State and to report, among other things, whether in his opinion they are such as to safeguard against loss in case of default. Code, § 971. It provides that, if examination shall show that the laws of any do not afford sufficient protection, the Farm Credit Administration may declare mortgages on land in that State ineligible. Code, § 972. And the petition for this writ indicates that, except in a few States where local law prohibits such contracts, all the mortgages taken by the Federal land banks contain stipulations for attorney's fees for foreclosure.[3] From this it appears that officers charged by law with the administration of the banks have always construed the Act to permit state laws to control. Our attention has not been called to any case in which that construction has been questioned. It is entitled to great weight. *United States* v. *Mo. Pac. R. Co.*, 278 U.S. 269, 280.

And we are of opinion that the decision of the Arizona supreme court in this case is not supported by the language it quotes from § 31 or by any other part of the Act. The paragraph containing this language [4] defines

---

[3] The petition indicates: Federal land banks hold mortgages amounting to approximately $1,120,000,000. Joint stock land banks hold mortgages amounting approximately to $500,000,000. Under the Emergency Farm Mortgage Act of May 12, 1933, Federal land banks are authorized immediately to expand their activities to the extent of $2,000,000,000 in additional farm mortgage financing operations. Mortgages taken under that Act will contain stipulations for attorney's fees for foreclosures.

[4] " Other than the usual salary or director's fee paid to any officer, director, or employee of a national farm loan association, a Federal

criminal offenses and prescribes punishments. The first sentence holds officers, directors and employees to their usual salaries and directors' fees, and limits each of them, and as well every attorney for a bank, to " a reasonable fee . . . for services rendered." The second sentence contains the provision relied on. Its sole purpose is to limit banks to the charges, fees, etc., that are specifically authorized. Then, after restricting disclosure of names of borrowers, the paragraph makes violations of its provisions punishable by fine or imprisonment or both. Other than the counsel fee in question, the judgment below does not exclude any expense of foreclosure that is permitted by Arizona law. But plainly the compensation of attorneys engaged to foreclose a mortgage is as necessary as the payment of charges for advertisement, the service of process or the sale of the property. The items last mentioned are generally, if not indeed everywhere, chargeable to defaulting mortgagors. There is nothing in the Act to suggest purpose to denounce the one and permit the others. Moreover, the quoted clause is in harmony with the restrictions put upon loans by § 12, Code, § 771, and is undoubtedly intended to emphasize and strictly to enforce limitations set by § 13, Code, § 781 (9), upon fees for appraisal and examination of title, legal fees,

---

land bank, or a joint-stock land bank, and other than a reasonable fee paid by such association or bank to any officer, director, attorney, or employee for services rendered, no officer, director, attorney, or employee of an association or bank organized under this Act shall be a beneficiary of or receive, directly or indirectly, any fee, commission, gift, or other consideration for or in connection with any transaction or business of such association or bank. No land bank or national farm loan association organized under this Act shall charge or receive any fee, commission, bonus, gift, or other consideration not herein specifically authorized. . . . Any person violating any provision of this paragraph shall be punished by a fine of not exceeding $5,000 or by imprisonment not exceeding one year, or both." 12 U.S.C., § 983.

recording charges and the like that are included in the preliminary costs of negotiating and carrying the mortgage loans. Undoubtedly Congress intended that state laws are to govern in respect of counsel fees for foreclosure of mortgages given under the Act.

But what is said above is not to be taken to approve the collection of a substantial attorney's fee for foreclosure in every case where stipulations such as the one before us are valid under state law. Uncontested foreclosures generally follow established routine and undoubtedly many of them may be made, without much if any cost to the banks, by their regularly employed salaried lawyers. In any such case the employment of another attorney or the exaction of any substantial charge for legal services cannot be justified as reasonable. In all cases—whether foreclosure is obtained by default or after contest—the mortgagor's promise to pay the mortgagee a reasonable attorney's fee is to be construed having regard to the purpose of Congress to enable farmers, by means of mortgages on their lands, to obtain loans at low cost.

*Reversed.*