## PARTRIDGE v. ST. LOUIS JOINT STOCK LAND BANK OF ST. LOUIS, MO., et al.

### No. 10013.

Circuit Court of Appeals, Eighth Circuit.
March 9, 1935.

Staunton E. Boudreau and William M. Fitch, both of St. Louis, Mo. (George H. Moore and Max O. Truitt, both of St. Louis, Mo., on the brief), for appellant.

Herman Langworthy, of Kansas City, Mo., and George C. Willson, of St. Louis, Mo. (Peyton R. Evans, of Washington, D. C., and Harry C. Blanton, U. S. Atty., of Sikeston, Mo., on the brief), for appellees S. L. Cantley, receiver, and others.

Jacob M. Lashly and Arthur V. Lashly, both of St. Louis, Mo., for appellee Bondholders' Protective Committee.

Before STONE and WOODROUGH, Circuit Judges, and DONOHOE, District Judge.

WOODROUGH, Circuit Judge.

C. E. Partridge, a holder of bonds of the par value of $4,000 issued by the St. Louis Joint Stock Land Bank, filed suit in equity for himself and all others similarly situated praying for an accounting and a foreclosure of the assets of a certain trust, consisting of farm loan mortgages and other securities, which during the operation of the Joint Stock Land Bank had been assigned and delivered to the Federal Farm Loan Registrar as collateral security for the payment of the farm loan bonds it had issued or assumed under the provisions of the Federal Farm Loan Act §§ 18, 19 (12 USCA §§ 841–844 and 851–856). The real object and purpose of the bill was to oust the receiver appointed by the Farm Loan Board and to substitute a receiver to be appointed by the court to take charge of and administer the mortgages and other securities held in trust for the benefit of the bondholders.

The St. Louis Joint Stock Land Bank was organized in 1922 under the Federal Farm Loan Act (39 Stat. 360), and made loans on farm mortgages and issued farm loan bonds pursuant to the provisions of the act. In 1925, it acquired the assets and assumed the liabilities of the Southeast Missouri Joint Stock Land Bank of Cape Girardeau, and of the Central Illinois Joint Stock Land Bank of Greenville, Ill., both of which had begun voluntary liquidation in that year. On June 1, 1932, the St. Louis Joint Stock Land Bank was unable to meet the interest payments on its outstanding bonds and the Federal Farm Loan Board declared it insolvent and placed it in the hands of S. L. Cantley, as receiver. He has taken possession of all the assets of the bank of every description, including the mortgages and other securities on deposit with the Registrar. In August, 1930, the Farm Loan Board had required the St. Louis Joint Stock Land Bank to assign and deposit in trust with the Registrar practically all of its unpledged assets as additional security for its bonds, and at the time of the receivership almost all of the assets of substantial value had been so deposited with the Registrar. The outstanding bonds as of that date, which had been issued or assumed by the land bank, amounted to approximately $18,000,000, and it is admitted that the total value of all assets deposited with the Registrar is less than that sum. Since May 27, 1933, the administration of this receivership has continued under the direction of the Farm Credit Administration, which assumed the functions of the Federal Farm Loan Board on that date.

A bondholders' committee, representing farm loan bonds issued or assumed by the land bank having a total par value in excess of $12,000,000, was permitted to intervene as a defendant. It filed its answer in opposition to the relief sought by the plaintiff, and denied the authority of the plaintiff to appear for any of the bondholders represented by the committee, or to maintain suit on their behalf.

The cause was heard upon the pleadings and a stipulation of the parties, and the bill was dismissed. The court held that the Farm Loan Act was a self-contained and comprehensive act governing, not only the organization, powers, duties, and functions of such banks, but that it also fully provided for the winding up and liquidation of insolvent farm loan organizations of all kinds, without the necessity of resort to the courts save in exceptional circumstances. As a consequence, it decided that the mortgages and securities on deposit with the Registrar properly passed to the receiver appointed by the Federal Farm Loan Board, to be administered by him for the benefit of the bondholders.

The appellant concedes that the receiver is collecting, conserving, and keeping a strict account of the assets constituting the trust fund, in compliance with the provisions of the Federal Farm Loan Act, and is administering the affairs of the bank in a proper manner; but he contends that he is entitled as a matter of right to have the assets which were on deposit with the Registrar withdrawn from the custody and control of the statutory receiver and administered under the direction of a court of equity.

The issue presented involves determination of the intent and effect of the provisions of the Federal Farm Loan Act. Sections 963 and 961 of 12 USCA provide:

"§ 963. Insolvency of land banks; receivers; powers and duties. Upon default of any obligation, Federal land banks and joint stock land banks may be declared insolvent and placed in the hands of a receiver by the Federal Farm Loan Board, and proceedings shall thereupon be had in accordance with the provisions of this section regarding national farm loan associations. (July 17, 1916, c. 245, § 29, 39 Stat. 381.)"

"§ 961. Upon receiving satisfactory evidence that any national farm loan association has failed to meet its outstanding obligations of any description the Federal Farm Loan Board may forthwith declare such association insolvent and appoint a receiver and require of him such bond and security as it deems proper: * * * Such receiver, under the direction of the Federal Farm Loan Board, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, with the approval of the Federal Farm Loan Board, or upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like approval or order, may sell all the real and personal property of such association, on such terms as the Federal Farm Loan Board or said court shall direct."

The question of the scope of authority of a receiver appointed under the Federal Farm Loan Act has been considered by this court in Krauthoff v. Kansas City Joint Stock Land Bank (C. C. A. 8) 23 F.(2d) 71; Krauthoff v. Compton (C. C. A. 8) 23 F.(2d) 73; and Krauthoff v. Kansas City Joint Stock Land Bank (C. C. A. 8) 31 F. (2d) 75. On each occasion this court sustained the right of a receiver so appointed to possession and control of the securities pledged to the payment of the farm loan bonds and his authority to administer them for the benefit of the bondholders. In Krauthoff v. Kansas City Joint Stock Land Bank (C. C. A. 8) 31 F.(2d) 75, 78, this court, in deciding the precise question before us, said: "The Federal Farm Loan Act is a broad one, seeking to carry out a public purpose. It provides, section 29 (US CA Tit. 12, c. 7, § 961): 'Such receiver, under the direction of the Federal Farm Loan Board, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, with the approval of the Federal Farm Loan Board, or upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like approval or order, may sell all the real and personal property of such association, on such terms as the Federal Farm Loan Board or said court shall direct.' This provision covers all assets. It is hardly to be presumed that Congress intended in carrying out the purposes of this act to have various receivers for different kinds of assets, resulting merely in inextricable confusion and chaos. The act should be carried out according to its terms, and not lose its efficiency in a maze of philosophical technicalities. It seems to us the act is perfectly plain; that the Farm Loan Board is charged with carrying out its provisions and to see 'that the moneys are applied toward the satisfaction of the bonds.'"

In Brusselback v. Chicago Joint Stock Land Bank (C. C. A. 7) 69 F.(2d) 598, 599, certiorari denied 292 U. S. 641, 54 S. Ct. 774, 78 L. Ed. 1493, the same question was presented to the Court of Appeals of the Seventh Circuit. It was contended, as here,

that an administration of the securities in trust by an equity receiver was a matter of absolute right. The court, in denying this contention, said: "The same question here in issue has been litigated in the Eighth circuit, and was considered by the Circuit Court of Appeals there in four different opinions. Krauthoff v. Kansas City Joint Stock Land Bank, 23 F.(2d) 71; Krauthoff v. Compton, 23 F.(2d) 73; Krauthoff v. Kansas City Joint Stock Land Bank, 31 F. (2d) 75; Bennett v. Langworthy, 49 F.(2d) 574. The conclusions reached were that the Federal Farm Loan Act contemplated that in case of the insolvency of the bank all of its estate and property, including its farm mortgages taken pursuant to the Act, should be administered by the receiver constituted as in the Act provided, under the general supervision of the Farm Board."

It is argued, however, that the principle of the decision in the Krauthoff Cases, supra, has, in effect, been overruled by Wheeler v. Greene, 280 U. S. 49, 50 S. Ct. 21, 74 L. Ed. 160; and Bennett v. Langworthy (C. C. A. 8) 49 F.(2d) 574. In Wheeler v. Greene the court determined that a receiver appointed under the Farm Loan Act (12 USCA § 961) did not have authority to maintain an action to enforce the statutory liability of the stockholders of such a land bank. The decision was based upon a clear omission in the act itself to confer such authority upon the statutory receiver. In Bennett v. Langworthy, supra, this court held that such a receiver had authority to sue for the recovery of funds improperly diverted from the bank by its officers. It is obvious that the questions decided in these cases are not analogous to those presented in the Krauthoff Cases. Notwithstanding the dissimilarity of issues, reliance is placed by appellant upon declarations in the decisions to the effect that the Farm Loan Act is a prototype of the earlier National Bank Act (12 USCA § 21 et seq.), and, therefore, the construction given the earlier statute is presumed to have been contemplated in the latter enactment. This is a recognized canon of construction. Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949; Latimer v. United States, 223 U. S. 501, 32 S. Ct. 242, 56 L. Ed. 526; Wheeler v. Greene, supra. A point of distinction arises, however, by virtue of the difference in the objects and purposes of the Farm Loan Act, which requires us to give the statute an independent construction in the light of the functions these banks were designed to serve. Joint stock land banks were organized for the limited purpose of facilitating the making of loans upon farm mortgages at low rates of interest. Smith v. Kansas City Title Co., 255 U. S. 180, 41 S. Ct. 243, 65 L. Ed. 577; Federal Land Bank v. Warner, 292 U. S. 53, 54 S. Ct. 571, 78 L. Ed. 1120, 91 A. L. R. 380. The Registrar to whom these farm mortgages are assigned as collateral security for a subsequent bond issue is a public officer whose authority and duties are prescribed by the Federal Farm Loan Act § 3 as amended by Act April 20, 1920; 12 USCA § 656. The restricted functions these banks are created to perform, and the designation by statute of a public official with whom the collateral security against which bonds are issued is deposited, disclose functions so limited and intimately related that to divorce them by requiring a separate receivership of the securities placed in trust to secure the bonds would do violence to the plain intent of the statute. These facts distinguish the case from those relied on by appellant which hold that the receiver of a national bank cannot override a valid pledge of its assets made by the bank in the ordinary course of its business, nor recover such assets from the pledgee for the purpose of administration. Merrill v. National Bank of Jacksonville, 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640; Schumacher v. Eastern Bank & Trust Co. (C. C. A. 4) 52 F.(2d) 925.

No other ground justifying the intervention of a court of equity appearing, the bill was properly dismissed.

Judgment affirmed.