**In re William Lewis RUCK, II, dba The Ruck Corporation, Bankrupt.**

**Gerard ANDERSON, Trustee, Plaintiff,**

**v.**

**Jane Doe RUCK et al., Defendants.**

**Bankruptcy No. B–79–346.**

United States Bankruptcy Court,
D. Arizona.

May 5, 1980.

Dennis Rosen, Tucson, Ariz., for the bankrupt.

Gerard Anderson, Tucson, Ariz., trustee.

Sidney Y. Kohn, Tucson, Ariz., for Hopkins et ux.

Curtis A. Jennings, Phoenix, Ariz., for USF&G.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

The issue of the amount of attorney's fees for a party who holds a first mortgage on a portion of the bankrupt's property and a second mortgage on another portion of the bankrupt's property that was sold in these proceedings has arisen as follows: A hearing was held on the trustee's application to sell and on a complaint to determine rights in the real property of the bankrupt. Donald W. Hopkins and Eldris Jo Hopkins appeared and filed an answer through their attorney, Sidney Y. Kohn, of the firm of Aron, Fioramonti & Kohn, stating their mortgage position and among other things praying that their lien be attached to the proceeds of the sale. In their answer they claimed attorney's fees of $5,000.00. Ap-

parently, Mr. Hopkins became interested in purchasing the property and appeared at the day of the hearing, October 17, 1979, with his attorney and actively participated in the bidding, as shown by the record of proceedings of this hearing. After the sale, it was clear that Mr. Hopkins was not the successful purchaser but would be paid all principal and interest costs and reasonable attorney's fees. On March 13, 1980, his attorney filed what is termed a Verification of Amounts Claimed in which the attorney listed the dates and time he spent in representing his client. A hearing was set on this Verification. Notice was given to all interested parties. At this hearing the trustee in open court opposed the amount of attorney's fees and costs. Mr. Kohn was ordered to file an amended Verification of Amounts claimed, which led to his filing of a pleading wherein Mr. Kohn states the date of services, the amount of time, and generally what he did on each date. The trustee filed a written opposition to his written accounting in which he states that a great deal of the time of the attorney was spent with real estate persons and architects who would be involved in possible development of the property if Mr. Hopkins was the successful bidder and eventually purchased the property. This assertion is substantiated by the breakdown of time which Hopkins' attorney submitted with his itemized accounting of attorney's fees filed on April 14, 1980.

■ The validity of a mortgagee's lien for attorney's fees on proceeds from a sale free and clear of liens is to be determined by reference to state law and to the mortgage contract. *Security Mortgage Co. v. Powers*, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928).

Here, the mortgage between the bankrupt and the Hopkins provided in relevant part: "* * * [I]n any suit *or other proceedings* that may be had for the recovery of the said principal sum and interest thereon, it shall and may be lawful for the Mortgagee to include in the judgment that may be recovered . . . *attorney's fees in a reasonable sum to be fixed by the*

*court.* . . ." (Emphasis added). Docket C–31.

The validity of such a provision is well recognized in Arizona. *Federal Land Bank of Berkeley v. Warner*, 42 Ariz. 201, 23 P.2d 563 (1933), reversed on other grounds 292 U.S. 53, 54 S.Ct. 571, 78 L.Ed. 1120.

█ The only issue for the court to determine, then, is what amount may be awarded to the Hopkins as reasonable attorney's fees incurred in recovering the debt owed them.

The leading case in the Ninth Circuit on determining the reasonableness of attorney's fees in bankruptcy cases is *Jacobowitz v. Double Seven Corporation*, 378 F.2d 405 (1967). In this case, our Ninth Circuit Appellate Court stated the consideration for determining reasonable attorney fees, as follows: "Admittedly, the economical spirit of the Bankruptcy Act is one of the considerations going into the determination of a reasonable fee in bankruptcy cases, but it is only one consideration to be weighed and valued along with others. There is, of course, no precise measure for reasonableness. The court in a given case fixes the fee after a consideration of various elements, which the referee's order correctly states as follows: ' *  *  * the size of this estate and the proportionate amount thereof recovered through the efforts of petitioner, the time expended by him in dealing with the matters involved, his ability and experience, the difficulty and intricacy of the legal propositions determined, the skill employed by petitioner, the opposition met, the opinions evidenced touching the reasonableness of the fee requested, all in the light of the limitation of the 'economical spirit of the Bankruptcy Act' and the total costs incurred in the administration of the estate as related to the size thereof, *  * ' "

Reviewing Mr. Kohn's breakdown of debts and times, the Court is not satisfied that all of the time set forth was spent on representing his client in the matter of the note and mortgage. He did apparently file a foreclosure action in the Superior Court or made preparation to do this prior to the time of filing the petition in bankruptcy on May 11, 1979.

Mr. Hopkins' attorney asserts that he made court appearances on four occasions: on June 5, 1979 at the first meeting of creditors; on August 21, 1979 at a hearing on trustee's application for rent; on October 17, 1979 at the hearing on the application to sell and the complaint to determine rights in property; and on January 18, 1980 (sic) at the hearing to authorize the trustee to accept the second highest offer to purchase the property after the highest bidder failed to meet the terms and conditions of the proposed sale. The appearance sheets in the Court's files indicate that Mr. Kohn entered his appearance only at the hearing on October 17, 1979. According to the record of proceedings this hearing took 30 minutes.

In his original Verification of Amounts Claimed filed on March 13, 1980, Mr. Kohn states he spent 76.4 hours in this matter. He seeks compensation at the rate of $60.00 per hour for 62.7 hours spent in 1979, and $70.00 an hour for 13.7 hours expended in 1980.

In the Hopkins' answer filed by Mr. Kohn, he asks the Court to transfer the Hopkins' lien on the property to the proceeds from the sale. At the October 21, 1979 hearing to determine rights, the trustee acknowledged that all liens, including Hopkins', would be transferred to the proceeds of sale and that there were sufficient moneys to pay all such liens. There was no opposition to paying the Hopkins' note and mortgage and there was no difficult or intricate legal propositions involved. The Hopkins have been paid principal and interest of $124,013.23.

The Court finds that an attorney of Mr. Kohn's experience and skill, worthy of a payment of a $60.00 hourly fee, could and should have performed his duties in collecting the money due his client under the note and mortgage in twenty five hours. This, computed at a $60.00 hourly rate, is $1,500.00. The Court finds this amount is a reasonable legal fee and meets the test of

the *Jacobowitz* case. Full payment of $4,721.00 as attorney's fees is not reasonable and would be excessive. The Court further finds that any time in excess of twenty five hours was spent by Mr. Kohn in conferences or other legal activity concerning the development of the property if his client were the successful bidder. The bankruptcy estate cannot pay attorney's fees for such activity. The only attorney's fees to which Mr. Hopkins is entitled is for legal work done in collecting the moneys due.

The expenses which Mr. Hopkins seeks, as follows: Title Report, $285.75; Court Costs, $47.79; Attorney's Fees for Attorney for Trust, $450.00; U. S. Fiduciary, $772.08, are allowed.

IT IS ORDERED that the trustee shall pay to Mr. Hopkins the costs set forth above, and the sum of $1,500.00 as and for attorney's fees for the legal work of Mr. Kohn.