WHEELER *v.* GREENE, RECEIVER OF THE BANKERS JOINT STOCK LAND BANK OF MILWAUKEE.

No. 39. Argued October 22, 23, 1929.—Decided November 4, 1929.

*Messrs. Floyd E. Thompson* and *Joseph V. Quarles,* with whom *Messrs. Conrad H. Poppenhusen, Lawrence*

50

*A. Cole,* and *Henry J. Darby* were on the brief, for petitioner.

*Mr. Edwin S. Mack,* with whom *Messrs. Arthur W. Fairchild* and *J. Gilbert Hardgrove* were on the brief, for respondent.

*Mr. Dean G. Acheson,* on behalf of *Messrs. Lyman M. Bass* and *Porter R. Chandler,* filed the brief of the Stockholders' Protective Committee of the Kansas City Joint Stock Land Bank, as *amicus curiae,* by special leave of Court.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The plaintiff is the receiver of the Bankers Joint Stock Land Bank of Milwaukee appointed by the Federal Farm Loan Board. The defendant is a holder of stock of that Bank. This suit is brought to collect an assessment equal in amount to the par value of the defendant's stock, which was levied by the Federal Farm Loan Board and which the plaintiff was ordered to collect. The defendant demurred to the declaration that alleged these facts. The District Court sustained the demurrer and ordered judgment for the defendant. The plaintiff appealed and the judgment was reversed by the Circuit Court of Appeals. 29 F. (2d) 468. A writ of certiorari was granted by this Court to settle the question whether the Federal Farm Loan Board had power to levy an assessment, or the receiver to maintain suit, for the enforcing of the stockholders' liability created by the Federal Farm Loan Act, July 17, 1916, c. 245, § 16; 39 Stat. 374. U. S. Code, Title 12, § 812.

The section (§ 29, Code, §§ 961, 963,) of the Federal Farm Loan Act that deals with insolvency of farm loan associations and joint stock land banks provides for the appointment of a receiver by the Farm Loan Board and

states his duties and powers. It closely follows the words of the earlier National Bank Act, R. S. § 5234; Code, Tit. 12, § 192, stating the duties of the receiver of a bank that has refused to pay its circulating notes, and giving him power to take possession of books and assets and to collect debts, &c. But whereas the Bank Act goes on " and may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders," the Farm Loan Act stops short and has no such words. When so important a grant of power contained in the prototype is left out from the copy it is almost impossible to attribute the omission to anything but design, or to believe that it left to very attenuated implications what the model before it so clearly expressed.

There is a plain reason for the difference. The national banks issue notes that constitute an important part of the currency of the country and that the United States has an interest in seeing paid. It is upon the bank's refusal to pay these notes that the Comptroller of the Currency is to appoint a receiver, and the authority to enforce the stockholder's liability adds a security to the national circulation that is of national scope. But the Joint Stock Land Banks issue no such notes. They are created to make loans on farm mortgages to members of an association in a territorially limited district, and are relatively local affairs. It is contemplated that the bonds that they issue shall be secured by mortgages. There is not the same need that the stockholder's liability should be summarily disposed of behind his back in Washington (*Rankin* v. *Barton,* 199 U. S. 228, 232; *Casey* v. *Galli,* 94 U. S. 673, 681,) rather than by the usual proceeding of a bill in equity which is brought in the neighborhood, in which the stockholder can be heard, and by which the assessment instead of one hundred per cent. can be adjusted to the specific case. *Terry* v. *Tubman,* 92 U. S. 156. The stockholders are to be held only " equally and ratably."

And, to say the least, the bill in equity is the most likely way of reaching that result.

The establishment in Washington of a bureau " charged with the execution of this Act, . . . under the general supervision of a Federal Farm Loan Board," c. 245, § 3; Code, § 651, and the putting of the administration of the Act under the direction and control of that Board by § 1, seem to us inadequate to supply the omission of this power from the express statement of what the Board and receiver may do when the bank is insolvent. The receiver had power to collect the assets of the bank, but the liability of stockholders is no part of those assets. It is a liability to creditors which the creditors may be left to enforce.

*Decree reversed.*