## LINCOLN NAT. BANK OF CINCINNATI, OHIO, v. DE COURTNEY et al.

District Court, S. D. New York.

Aug. 18, 1931.

Mack, Taylor, Spiegelberg & Mc-Cauley, of New York City (Harry W. Mack, of New York City, of counsel), for plaintiff.

Pleasants & Lowry, of New York City (Samuel A. Pleasants and Herbert S. Duncombe, both of New York City, of counsel), for defendants Russell, Miller, and Carey.

KNOX, District Judge.

Plaintiff is a holder of defaulted bonds of the Ohio Joint Stock Land Bank of Cincinnati, Ohio. On behalf of himself and other creditors of the bank, he has instituted this action against defendants to recover money which is alleged to be payable by them under the statutory liability imposed by the provisions of the Federal Farm Loan Act (39 Stat. 374, § 16, 12 U. S.C.A. § 812). The present defendants are said to be all the stockholders of the bank within the jurisdiction of the court who have not fully discharged the liability fixed upon them by the statute.

The complaint charges that on September 1, 1927, the bank had outstanding bonds in the sum of $1,369,300, and on that date failed to pay the interest then due thereon. On the same day, the Federal Farm Loan Board, having declared the bank to be insolvent, appointed a receiver of its assets to the end that they might be liquidated and distributed. The receiver, or his successors, is said to have paid certain liquidating dividends to the bank's creditors. These, however, have not been sufficient to discharge the obligations held by plaintiff and other creditors, and more than $5,000 is still owing to plaintiff. The remaining assets of the bank, plus the liability of the institution's stockholders on the stock held by them, are alleged to be less than the amounts still owing to the owners of the outstanding bonds and to other creditors. Under these circumstances, this court is asked for a decree holding defendants liable for the full statutory liability or par value of the shares of stock in the bank held by the respective defendants, and which shall require the amount of such liability to be paid into court for the benefit of the bank's creditors. The asserted justification for a

suit in equity is the lack of an adequate remedy at law in that such recoveries as are required must be marshaled and distributed to the proper parties, and, further, that if each creditor were required to sue each holder of stock of the bank, a multiplicity of actions would ensue.

Defendants seek a dismissal of the complaint and assign as reasons for such action that:

(a) No cause of action in equity is set up.

(b) An adequate remedy at law exists, and

(c) this court is without jurisdiction of the subject-matter in suit.

Should the court decline to dismiss the complaint, it is asked that certain of its allegations be stricken out as redundant and irrelevant.

■ The pleading under attack shows plaintiff to be a citizen of the state of Ohio. Seven of the defendants are citizens of the state of New York, and three others are citizens of New Jersey and California, respectively.

Inasmuch as there is the requisite diversity of citizenship between the parties, and since more than the jurisdictional amount is in controversy, it appears, without reference to the fact that the action is founded on the Federal Farm Loan statute, that the court has jurisdiction not only of the parties, but of the subject-matter of the suit. This feature of the case need not, therefore, be discussed.

■ Defendants' motion requires that plaintiff's averment that payment of the full liability resting upon defendants, as holders of stock in the bank, will not enable its debts to be fully discharged, be taken as true. Conway v. White (C.C.A.) 292 F. 837. Consequently, it must be held that this suit is brought to recover the last farthing of defendants' statutory liability.

In many previous instances where this has been true, the courts have decided that action must be brought at law rather than in equity. Outstanding examples of such doctrine are: Kennedy v. Gibson, 8 Wall. 498, 19 L.Ed. 476; Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168; Hale v. Allinson, 188 U.S. 56, 23 S.Ct. 244, 47 L.Ed. 380; Carey v. McMillan (C.C.A.) 289 F. 380 and Auer v. Lombard (C.C.A.) 72 F. 209. If, on the other hand, a suit seeks to recover a proportion of full liability, it may properly be in equity. Pollard v. Bailey, 20 Wall. 520, 22 L.Ed. 376; Terry v. Tubman, 92 U.S. 156, 23 L.Ed. 537 and Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160.

■ The bill before the court contains no figures from which the court can say that defendants will be subjected to full or partial liability, and there is no authorized agency outside of a court which has power to levy an assessment against defendants. As previously stated, the truth of plaintiff's allegation as to the extent of defendants' liability must be assumed. If the liquidation of the bank's assets, which, under Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160, do not include the liability of stockholders, has proceeded to a point where no doubt remains as to the sums in which the stockholders must respond, no real accounting as to the value of such assets will be required. All that will be necessary is proof of the indebtedness of the bank, the realization that has been had upon its assets, together with the reasonable value of such of them as yet remain unliquidated.

Under such circumstances, and aside from the matter of convenience to plaintiff, the relief obtainable in a court of law will be plain, adequate, and complete, and no room will be left for the intervention of equity. Upon the complaint as it now stands, defendants' motion must prevail or else, under Supreme Court Equity Rule 22 (28 U.S.C.A. following section 723), be transferred to the law side of this court. If, however, the facts be that the bank's receiver is possessed of assets of uncertain value, and upon which no realization has been had, and which ultimately may serve to limit the statutory liability of defendants, this cause should proceed in equity. Wheeler v. Greene, supra. With this possibility in mind, I shall afford plaintiff an opportunity to amend his allegations to accord with the facts as shown by the indebtedness of the bank and the value of its assets, realized and unrealized.

■ Inasmuch as this litigation, either at law or in equity, will probably engage the further attention of the court at some future time, it may be well to say that plaintiff is not required, as a condition precedent to bringing suit against defendants,

to obtain judgment against the land bank. Plaintiff is not here seeking to reach assets of the bank, but is asking merely that defendants discharge their statutory obligation, and this it may do without first suing the bank.