### GALLAGHER v. CLARK et al.
### No. 4529.

District Court, S. D. Iowa, Central Division. Dec. 28, 1933.

Gibson & Stewart, of Des Moines, Iowa, for plaintiff.

H. L. Bump, of Des Moines, Iowa, and Vander Ploeg & Heer and Johnston & Shinn, all of Knoxville, Iowa, for defendant Knoxville Building Co.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court at Des Moines, Iowa, on the 9th day of December, 1933, upon a special appearance and motion to dismiss the bill on the ground that this court is without jurisdiction to hear and determine the cause of action alleged in the bill of complaint. Said special appearance and motion to dismiss was duly submitted and, being advised, the court finds:

The plaintiff invokes the jurisdiction of this court solely on the ground that the plaintiff, as receiver of the Chicago Joint Stock Land Bank, is a public officer with authority to sue within the meaning of the Constitution and statutes of the United States and by reason thereof entitled as such to bring suit in the federal courts.

It is provided by the Judicial Code, section 41, title 28, U. S. C. (28 USCA § 41), that the District Courts of the United States shall have jurisdiction "of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue." Subdivision 1.

The only question then for decision as raised by the motion to dismiss is whether or not James B. Gallagher, as receiver of the Chicago Joint Stock Land Bank, is an officer of the United States authorized to sue. It seems to me the question has been decided in this circuit by the cases of Krauthoff v. Kansas City Joint-Stock Land Bank (C. C. A.) 23 F.(2d) 71, and Id. (C. C. A.) 31 F.(2d) 75. The movant, however, insists these cases are not decisive of the question. If they are not, the question is decided by the case of Wheeler v. Greene, 280 U. S. 49, 50 S. Ct. 21, 74 L. Ed. 160. The original action in this latter case was brought by Greene as receiver of a joint-stock land bank, and ju-

risdiction could only have been predicated upon his being a public officer with the necessary authority to sue. The Supreme Court of the United States, which always protects its own jurisdiction, would have dismissed the case for want of jurisdiction had Greene, the receiver, not been an officer of the United States authorized to sue. It is a well-recognized rule that where the Supreme Court of the United States passes upon a question that the jurisdiction, although not expressly stated in the opinion, has been considered and decided by it.

The clerk will enter the following order:

The above-entitled cause came on for hearing in open court at Des Moines, Iowa, on the 9th day of December, 1933, upon a special appearance and motion to dismiss the bill of complaint for want of jurisdiction, and the same is by the court overruled. Defendants except.