BRUSSELBACK et al. v. CAGO COR-
PORATION et al.[*]

District Court, S. D. New York.
March 16, 1936.

994

Root, Clark, Buckner & Ballantine, of New York City (John M. Harlan, of New York City, of counsel), for complainants.

Paskus, Gordon & Hyman, of New York City (Sanford D. Levy, of New York City, of counsel), for defendant Michael L. Sinsheimer.

Gifford, Woody, Carter & Hays, of New York City, for defendants C. Melville Haight, Jr., and Charles E. Roehl.

Mack, McCauley, Spiegelberg & Gallagher, of New York City (George A. Spiegelberg and Harry W. Mack, both of New York City, of counsel), for defendants Cago Corporation, John H. Gertler, Paul Fox, and George A. Spiegelberg.

Coudert Bros., of New York City, for defendant Joseph Percy Bartram.

Shearman & Sterling, of New York City, for defendant Charles B. Drake.

. F. Wright Moxley, of New York City, for defendant Sirma Devlet, sued herein as Sirnia Devlet.

George C. Howard (Clarence McMillan, of New York City, of counsel), for defendant Rohn.

Gregory, Stewart & Montgomery, of New York City (Charles G. Stevenson, of New York City, of counsel), for defendants Hall, McHugh, and Searing.

Frank A. F. Severance, of New York City, for defendant Helen O. W. Nesmith.

GODDARD, District Judge.

This matter comes before the court on motions made by several of the defendants to dismiss the bill of complaint. Included in the grounds urged for dismissal are, that the actions are improperly brought in equity and that there is no jurisdiction as less than $3,000 is involved.

The suit is in equity, brought by the complainants W. E. Brusselback and others alleged to be bondholders of the Chicago Joint Stock Land Bank suing on behalf of themselves and other creditors; the jurisdiction of the court allegedly being based upon the act of Congress known as the Federal Farm Loan Act, as amended, U.S.C.A., title 12, ch. 7 (section 641 et seq.). The bill alleges that there is an

outstanding capital stock of the par value of $4,000,000 divided into 40,000 shares. The action is to recover the stockholders' liability of the defendants alleged to exist under U.S.C.A., title 12, § 812.

The bill of complaint alleges that the complainants are residents and citizens of the state of Illinois, that some of the defendants are citizens of the state of New York, and others of the state of New Jersey. The bill further alleges that the complainants are the owners of $132,000 principal amount of bonds of the Chicago Joint Stock Land Bank; that on or about October 1, 1932, the Chicago Joint Stock Land Bank was declared to be insolvent and a receiver was appointed who, since such date, has been acting as receiver. Debts and liabilities of the bank are alleged to exceed its assets in the sum of $12,000,000; that the defendants named are justly indebted to the creditors of the bank, including the complainants, in an amount equal to the full amount of the par value of the stock. It is also alleged that certain bondholders of the bank filed a bill in equity in the United States District Court for the Northern District of Illinois, Eastern Division, and served the Chicago Joint Stock Land Bank and all the stockholders residing in Illinois who could be found, and that as a result of that action the said United States District Court found that the liabilities of the bank exceed its assets to the extent of about $12,000,000, and a decree was entered assessing the stockholders for an amount equal to 100 per cent. of the par value of their shares. The bill further alleges that the said decree of the said United States District Court "is effective and binding upon all the stockholders of said Bank wherever residing" and "effectively adjudicates" that all the stockholders wherever residing are justly indebted to the creditors of the bank for an assessment equal to 100 per cent. of the par value of the shares of stock held by them.

U.S.C.A., title 12, § 812, is as follows:

"§ 812. *Individual liability of shareholders.* Shareholders of every joint stock land bank organized under this chapter shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such bank to the extent of the amount of stock owned by them at the par value thereof, in addition to the amount paid in and represented by their shares. (July 17, 1916, c. 245, § 16, 39 Stat. 374.)"

[1, 2] The liability imposed under section 812 is not an asset of the corporation. Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160. The suit at bar is not a suit to collect or administer a common trust fund, nor is it a class suit. Broderick v. American General Corporation, 71 F. (2d) 864, 94 A.L.R. 1359 (C.C.A.4); Bickford's, Inc., v. Federal Reserve Bank of New York (D.C.) 5 F.Supp. 875; Mountain Lumber Co. v. Davis, 11 F.(2d) 219 (C.C.A.2); Ayer v. Kemper, 48 F.(2d) 11 (C.C.A.2). Also the case of Lincoln National Bank of Cincinnati v. DeCourtney et al. (D.C.) 14 F.Supp. 997, decision of Judge Knox, Southern District of New York, of August 18, 1931, seems to be directly in point.

The liability of the defendants under this statute is several and not joint. See, also, Kennedy v. Gibson, 8 Wall. 498, 19 L.Ed. 476. The various defendants are severally liable because of their separate and individual purchases or holdings of the bank's stock. The amount of a defendant's liability for each share of stock held by him has been definitely fixed if the allegations in the bill of complaint are assumed to be true and for the purpose of this action they must be, namely, that the liabilities of the Chicago Joint Stock Land Bank had been found to exceed its assets to the extent of some $12,000,000, and that a decree was entered in the United States District Court of Illinois assessing the stockholders for an amount equal to 100 per cent. of the par value of their assets which the complainants' bill alleges is "effective and binding upon all the stockholders of the said bank." It is apparent that this is not a proceeding to fix the amount of the necessary assessment. The suit of a creditor against a stockholder appears therefore to be an action at law; no accounting being necessary. This is an action to enforce the collection of an assessment, the amount of which has already been determined. The right to compel payment is a strict legal right for which an action at law provides adequate relief. Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168; Hale v. Allinson (C.C.) 102 F. 790, affirmed (C.C.A.) 106 F. 258, affirmed 188 U.S. 56, 23 S.Ct. 244, 47 L.Ed. 380; United States ex rel. Citizens' Nat. Bank v. Knox, 102 U.S. 422, 26 L.Ed. 216.

The case at bar is to be distinguished from Brusselback v. Chicago Joint Stock Land Bank et al., (Unreported decision) of October 31, 1933, United States District Court, Northern District of Illinois, Eastern Division, where the bill was brought "for the purpose of adjudicating the insolvency of the bank and for the purpose of ascertaining and adjudicating the extent of the liability of the stockholders to the creditors and for the enforcement of such right."

The grounds urged by the complainants for a suit in equity are the lack of an adequate remedy at law for the marshaling and distribution to the proper parties of such recoveries as may be had, and that if each stockholder be required to sue each stockholder of the bank, a multiplicity of actions will result.

■ However, where the legal remedy is adequate, equity will not take jurisdiction simply to prevent a multiplicity of actions, particularly where the character of the liability is distinct and independent defenses are available to the various defendants. Hale v. Allinson, supra; Carey v. McMillan (C.C.A.) 289 F. 380; Kelley v. Gill, 245 U.S. 116, 117, 38 S.Ct. 38, 62 L.Ed. 185; Tompkins v. Craig (C.C.) 93 F. 885; Watson v. Huntington, 215 F. 472 (C.C.A. 2); Mountain Lumber Co. v. Davis (C. C.A.) 11 F.(2d) 219.

■ The Congress in passing the joint stock land bank act omitted to provide that the amount due on the stockholders' liability should be recovered and administered by a receiver, and this omission must be treated as intentional. Wheeler v. Greene, supra. The Congress left it to the individual creditors to enforce their own rights. A single creditor may not recover the full amount of his claims against one or less than all the stockholders, but a creditor may sue in his own behalf for the proportion of the defendants' statutory liability to which he is entitled. This amount is the most that such creditor could recover in any form of action and is capable of exact mathematical computation. The relief afforded at law is therefore adequate and is as complete as a court of equity could grant.

■ Section 195 of the New York Civil Practice Act provides that "where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

Under the Conformity Act (28 U.S.C.A. § 724) this section applies to actions at law in the federal courts, but not to suits in equity because of Federal Equity Rule 38 (28 U.S.C.A. following section 723). See, also, Cherry v. Howell (D.C.) 4 F. Supp. 597.

In Atkins v. Trowbridge, 162 App.Div. 629, 148 N.Y.S. 181, where the procedure under similar situations is discussed, it is held that a representative action may be brought at law by named plaintiffs on behalf of all interested in the common question and that any other creditors may intervene and become named parties prior to entry of judgment and receive exactly what each of them is entitled to.

■ In my opinion the relief which may be had in a court of law will be adequate and complete and this suit should be transferred to the law side of the court under Supreme Court Equity Rule 22 (28 U.S.C.A. following section 723), were it not for the fact that I think the bill of complaint must be dismissed for lack of jurisdiction. The bill of complaint fails to allege facts showing that more than $3,000, exclusive of interest and costs, is involved, since the complainants are suing not for the collection or administration of a trust fund and is not a class suit, but one to recover on statutory liability of the several defendants to the several complainants. Broderick v. American General Corporation, 71 F.(2d) 864, 94 A.L.R. 1359 (C.C.A.4). My conclusion is in accord with the decision rendered (without opinion) by Judge Neven in the United States District Court for the Southern District of Ohio, Western Division, on November 5, 1935, in the case of Brusselback et al. v. Arnovitz et al., which was a suit similar to the one at bar.

The bill of complaint is dismissed.