### BRUSSELBACK et al. v. CAGO CORPORATION et al.*

#### No. 437.

Circuit Court of Appeals, Second Circuit.
July 13, 1936.

*Writ of certiorari denied 57 S. Ct. 111, 81 L. Ed. ——.

Root, Clark, Buckner & Ballantine, of New York City (John M. Harlan, of New York City, of counsel), for appellants.

Mack, McCauley, Spiegelberg & Gallagher, of New York City (George A. Spiegelberg and Harry W. Mack, both of New York City, of counsel), for appellees Cago Corporation, Paul Fox, John H. Gertler, and George A. Spiegelberg.

Paskus, Gordon & Hyman, of New York City (Sanford D. Levy and Charles H. Lieb, both of New York City, of counsel), for appellee Michael L. Sinsheimer.

Gifford, Woody, Carter & Hays, of New York City (Charles L. Woody, of New York City, of counsel), for appellees C. Melville Haight, Jr., and Charles E. Roehl.

George C. Howard, of New York City (Clarence McMillan, of New York City, of counsel), for appellee Marie E. Rohn.

Shearman & Sterling, of New York City, for Charles B. Drake.

Frank A. F. Severance, of New York City (Frank A. F. Severance, of New York City, of counsel), for Helen O. W. Nesmith.

F. Wright Moxley, of New York City, for Sirma and Michael J. Devlet.

Gregory, Stewart & Montgomery, of New York City (Charles G. Stevenson, of New York City, of counsel), for George E. Hall, Jessie McHugh, and S. B. Searing.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellants, holding $132,000 in bonds, creditors of the Chicago Joint Stock Land Bank which was closed by the Federal Farm Loan Board, sue on behalf of themselves and all other creditors to recover, from 91 named stockholders of the bank, the amount of their statutory liability as such stockholders.

The Chicago Joint Stock Land Bank had outstanding $4,000,000 in capital stock, divided into 40,000 shares, when it failed in October, 1932. At the time of its failure, the bank's liabilities exceeded its assets by approximately 12 million dollars, so that the stockholders would be liable to the creditors in the full amount of the par value of the stock owned by each. A suit was brought by creditors in the United States District Court, Northern District of Illinois, Eastern Division, against all the bank's stockholders to assess and enforce their liability, and a decree was entered assessing the stockholders 100 per cent. of the par value of the shares of stock held by them.

It is here alleged that such decree, to the extent that it fixes the necessity for and the amount of the assessment, is effective and binding upon all stockholders of the bank irrespective of whether or not they were served in that proceeding. The bill proceeds to allege that the amount sought in this suit will be held for the benefit of appellees and all other creditors who may file claims against the bank and that an accounting will be necessary to properly apportion the recovery among the creditors. The prayer for relief is that the suit be treated and regarded in all respects as a class suit in equity wherein and whereby appellants sue as representatives of all the creditors of the bank for the purpose of enforcing the liability of the appellee's stockholders, to the end that there may be provided a fund to be administered by the court for the equal benefit of all the creditors of the bank and that the sums realized and collected from the appellees be administered by the court as a court of equity and be distributed ratably and equitably among the creditors of the bank in such manner as the court may direct.

On motions by a number of the appellees, the bill was dismissed as to them, the court holding that an action in equity did not lie since the appellants relied on the 100 per cent. assessment already levied against the stockholders. The court reasoned that since there was no necessity for an accounting to determine the amount of the assessment, and since each creditor could sue each stockholder for the proportion of the appellees' statutory liability to which he was entitled, the remedy at law was adequate. Transfer of the case to the law side was refused on the ground that the bill failed to allege that the jurisdictional amount was involved.

The Federal Farm Loan Act (July 17, 1916, c. 245, § 16, 39 Stat. 374, 12 U.S.C.A. § 812) provides: "Shareholders of every joint stock land bank organized under this charter shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such bank to the extent of

the amount of stock owned by them at the par value thereof, in addition to the amount paid in and represented by their shares."

■ This statute was intended to provide security to creditors as a whole. It creates a liability to creditors as a body, not to each creditor individually, and must be enforced in a representative suit on behalf of all creditors. The amounts collected are considered to constitute a trust fund, which the court will administer for the equal benefit of all creditors. Such a suit can be maintained only in equity where jurisdiction necessarily follows from the nature of the stockholders' liability. Since the stockholders' liability under the Farm Loan Act is one to the creditors as a body, equity jurisdiction is not dependent upon the amount of the liability claimed, whether or no it is the full amount. In Terry v. Little, 101 U.S. 216, 25 L.Ed. 864, a single creditor sued at law to recover for himself from stockholders liable under a statute which provided that "each stockholder * * * shall be liable and held bound individually for any sum not exceeding twice the amount of his * * * shares." In dismissing the action, the court said (101 U.S. 216, at pages 217, 218, 25 L.Ed. 864): "Undoubtedly, the object was to furnish additional security to creditors, and to have the payments when made applied to the liquidation of debts. So, too, it is clear that the obligation is one that may be enforced by the creditors; but as it is to or for all creditors, it must be enforced by or for all. * * * A suit at law by one creditor to recover for himself alone is entirely inconsistent with any idea of distribution. As the liability of the stockholder is not to any individual creditor, but for contribution to a fund, out of which all creditors are to be paid alike, the appropriate remedy is by suit to enforce the contribution, and not by one creditor alone to appropriate to his own use that which belongs to others equally with himself."

Alsop v. Conway, 188 F. 568 (C.C.A.6), certiorari denied 223 U.S. 720, 32 S.Ct. 523, 56 L.Ed. 629, was a suit brought by creditors for themselves and all other creditors to enforce against stockholders, in an amount equal to the par value of the stock held by the defendants, a liability created by a statute very similar to that involved in the case at bar. The court allowed the action in equity, saying at page 575 of 188 F.: "Under these statutes it is clear that a proceeding for the enforcement of the equal and ratable liability imposed by statute can be maintained only by one or more creditors on behalf of all, and not by one creditor to secure payment of his own debt to the exclusion of others. * * * The amounts recovered on account of such double liability thus become a trust fund, properly administered in equity and distributed among creditors who by the bill are brought before the court and are made parties to the proceeding. * * * The suit below was thus essentially a proceeding for the collection, administration, and distribution of the trust fund. Such proceeding is properly brought in equity."

Hirshfeld v. Fitzgerald, 157 N.Y. 166, 178, 179, 51 N.E. 997, 46 L.R.A. 839; Pfohl v. Simpson, 74 N.Y. 137; Smith v. Huckabee, 53 Ala. 191; Harris v. First Parish of Dorchester, 23 Pick.(40 Mass.) 112, also hold that the proper proceeding to enforce the liability of stockholders created by statutes like that here involved, is a suit in equity to collect a fund for the benefit of all the creditors.

The contention of the appellees that individual creditors can enforce their rights only in separate actions at law against each stockholder would create an impossible situation as the facts here illustrate. There are 91 defendants, the majority owning less than 25 shares each. Appellant creditors are owed $132,000, and the claims of bondholders alone against the bank total $42,000,000. Appellees in this suit own stock having a par value of $1,189,600. With the liability of the stockholders as one to all creditors, appellants can bring a single representative suit in equity for the collection of the amount of the stockholders' liability and, after collection, this can be distributed by the court among the creditors as their interests appear. If the appellees were right in their claims, the appellants would be forced to sue each stockholder in a separate action at law for that proportion of such stockholder's total liability which appellants' claim bears to the total claims against the bank. This would require appellants to sue separately each stockholder wherever located for 132,000/42,000,000 of each stockholder's liability. The stockholder, further, would be unable to discharge his liability by making any payment to any single representative of all the creditors, but he would be forced to settle separately with each creditor, demanding his share.

Appellees refer to cases under the National Banking Act to support their claim that the action must be at law when it is sought to recover 100 per cent. of the stockholders' liability. See Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168; United States v. Knox, 102 U.S. 422, 26 L.Ed. 216; Kennedy v. Gibson, 8 Wall. 498, 505, 19 L.Ed. 476. Under the National Banking Act (Rev.St. §§ 5234, 5236, 12 U.S.C.A. §§ 192, 194), the liability of stockholders is to creditors as a whole, not to creditors individually. Thus far it resembles the Federal Farm Loan Act. However, under the Banking Act (Rev.St. §§ 5234, 5236, 12 U.S.C.A. §§ 192, 194) the stockholders' liability is enforced by a receiver, and the fund, when collected, is distributed by the Comptroller. There is no necessity for a representative suit nor for any administrative action by the court with regard to the amount collected. Under the Farm Loan Act, although the liability is to all the creditors, there is no duly constituted representative to act for them as a body. Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160.

Hale v. Allinson, 188 U.S. 56, 23 S.Ct. 244, 47 L.Ed. 380, and Broderick v. American General Corporation (C.C.A.) 71 F. (2d) 864, 94 A.L.R. 1359, are both distinguishable on the same ground as the National Banking Act suits, since both decisions dealt with a suit brought by a single individual representing all creditors and competent to distribute the proceeds of the action to them.

■ Cago Corporation, a defendant, is the record owner of 7,939 shares of the bank's stock. The bill alleges that Sirnia Devlet, at various times, transferred shares which she owned to the Cago Corporation and that these purported transfers were made illegally and unlawfully to evade the stockholder liability provisions of the Federal Farm Loan Act and to avoid the payment of assessments which might be levied. It is further alleged that Sirnia Devlet is the beneficial and real owner of these shares of the bank's stock now nominally held by the corporation. The beneficial owner of bank stock which is subject to assessment is liable for any assessment which is subsequently levied against the stock even though the stock may be registered in the name of some one else. Ohio Valley Nat. Bank v. Hulitt, 204 U.S. 162, 27 S.Ct. 179, 51 L.Ed. 423; Corker v. Soper, 53 F.(2d) 190 (C.C.A.5).

■ Appellee Fox is the president of Cago Corporation, Spielberg is one of the incorporators, and Michael J. Devlet is alleged to be among those who caused the incorporation of the Cago Corporation for purposes of evading liability imposed by the Federal Farm Loan Act. The bill pleads that the corporation has never had any substantial assets, and that it "is the mere agency and instrumentality of the persons aforesaid who caused it to be organized, or of other persons, some of whom are unknown to complainants, who are the real owners of said shares of stock and for whom the said Cago Corporation is a mere sham owner and shield. Such persons aforesaid are in fact the owners within the meaning of the aforesaid Act of Congress" of those shares of stock of which the corporation is the record owner. If the appellants are able to establish at the trial that any or all of these three appellees are beneficial owners of any of the stock held in the name of the Cago Corporation, they will be liable for the assessment herein sought to be collected. They would not be liable for the mere organization of the Cago Corporation, but on the allegations of the bill of complaint, which must be deemed true for testing its sufficiency, the bill should not have been dismissed against them.

■ The contention of some of the appellees that since the amount claimed against them is less than $3,000, the court is without jurisdiction, is erroneous. The court has jurisdiction over the fund sought to be collected here and such jurisdiction necessarily carried with it jurisdiction over all component parts of the fund. Hence the fact that liability of certain stockholders may be less than $3,000 does not deprive the court of jurisdiction as to them. Robertson v. Conway, 188 F. 579 (C.C.A.6); Conway v. Owensboro Savings Bank & Trust Co., 185 F. 950 (C.C.W.D.Ky.); Reconstruction Finance Corporation v. Central Republic Trust Co., 11 F.Supp. 976 (D.C.N.D.Ill.E.D.).

**Judgment reversed.**