## HOLMBERG et al. v. CARR.

### No. 87.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1936.

F. Wright Moxley, of New York City, for appellant.

Burlingame, Nourse & Pettit, of New York City (Paul A. Crouch and Clarence Fried, both of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a decree, striking out certain parts of the answer of the defendant Carr, as sham and frivolous, dismissing the defences in his answer, and summarily appointing a receiver in the Southern District of New York, ancillary to a receiver already appointed in the Fourth Division of the District of Minnesota. The bill was filed by five creditors of the "Southern Minnesota Joint Stock Land Bank of Minneapolis," suing on behalf of themselves and all other creditors similarly situated. It alleged that the plaintiffs had already filed a similar bill in the Fourth Division of the District of Minnesota on July 28, 1932, against the same bank, which had alleged that the bank had become so far insolvent that an assessment of one hundred per cent. upon its shareholders was necessary to pay the creditors in full, and which had prayed that a receiver be appointed to enforce such an assessment for the benefit of all creditors. That court had appointed such a receiver, and had levied an assessment upon all shareholders which it directed the receiver to collect; he had qualified and was now acting. The bank's books showed that about fifty-five of its shareholders were residents of the Southern District of New York, whose liabilities amounted in the aggregate to about one and a half million dollars. These the Minnesota receiver had no power to enforce. Therefore the bill asked that an ancillary receiver be appointed with the same powers and for the same purposes as in Minnesota. The defendants to the present suit are the bank, the receiver, appointed by the Federal Farm Board, and his successor, who was also appointed by the Minnesota court, and three of the New York shareholders, of whom Carr, the appellant, was one. He appeared and answered; he specifically denied that the Minnesota bill had been filed against him, that an ancillary receiver was necessary, or that the plaintiffs were without adequate remedy at law; he declared that

he had no knowledge or information as to the truth of any of the allegations in the bill, and he pleaded some defences not necessary to detail. Upon affidavit of local counsel the judge struck out the denials in the answer, held that the defences were insufficient and impertinent, and granted "summary judgment," appointing an ancillary receiver with the same powers as the Minnesota receiver, and directing him to collect the assessments of local shareholders, whether by separate actions, or in this suit, does not appear.

The practice adopted was anomalous, so far as we can find, apparently imported into a federal suit in equity from the state procedure. The defendant had interposed an answer in which he denied knowledge of all the vital allegations of the bill, a good denial under the Thirtieth Equity Rule (28 U.S.C.A. following section 723). True, the bill spoke only of matters of record in the Minnesota court, copies of which were annexed; but even so we know of no procedure which permits a court of equity to strike any part of an answer because it is a sham, and grant the relief prayed. There is indeed a motion for decree on bill and answer, but on that the answer must be taken as true. Besson & Co. v. Goodman (C.C.) 147 F. 887. Traverses were not originally allowed in answers in equity at all; the defendant's denials were part of his discovery and evidence; every plaintiff had to prove his bill, regardless of denials. Under the Equity Rules this is no longer true, but to strike a denial as sham is no more countenanced now than it was originally. Hence the decree was irregular at best and the cause should have been set down for hearing. However, since the appeal has been presented as though the real question were of the validity of the bill, we will decide that question.

The liability is that of the shareholders of a "Joint Stock Land Bank" under section 812, title 12, U.S.Code (12 U.S.C.A. § 812). In Brusselback v. Cago Corp., 85 F.(2d) 20, we held that creditors of such a bank might file a class bill in equity on behalf of themselves and others against such shareholders as were within reach of the court's arm, and recover against them the amount of their proper assessment—that is, the ratable proportion per share of the deficiency between debts and assets. The bill at bar, as drafted, depends altogether upon what

was done in the district court of Minnesota; it does not allege the facts upon which the liability depends, but only their adjudication by that court; hence it can depend only upon the conclusiveness of the assessment there found. There is no enabling act, like section 194 of title 12 U.S.Code (12 U.S.C.A. § 194), by virtue of which the Comptroller levies an assessment against shareholders in a national bank, which will be conclusive elsewhere. Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160, held that no such powers were vested in the Federal Farm Board and its receiver; and the assessment can be valid extraterritorially, if at all, only because it was made by a court in the home jurisdiction of the company. It is true that when there is a local statute making such assessments conclusive, they are so extraterritorially, certainly if made by a court. Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; Howarth v. Lombard, 175 Mass. 570, 56 N.E. 888, 49 L.R.A. 301; King v. Cochran, 76 Vt. 141, 56 A. 667, 104 Am.St. Rep. 922; Restatement of Conflict of Laws, § 186, Comment (c). The dictum in Howarth v. Angle, 162 N.Y. 179, 188, 56 N.E. 489, 47 L.R.A. 725, that a foreign shareholder may contest the assessment where sued, must be read with the implication that the home statute has not affected to give it any extraterritorial effect. The Fifth Circuit in Goss v. Carter (C.C.A.) 156 F. 746, extended this doctrine to the case of a Nebraska company where the statute provided for no procedure for assessment, but the result depended upon the supposed interpretation by the Nebraska courts of their constitution and statutes. With the correctness of that understanding of the Nebraska decisions we are not concerned; the federal court merely meant to follow state law. Here, however, we are concerned with a federal statute, which not only gives no express power to any official to levy an assessment, but which (Wheeler v. Greene, supra), seems to us to interpret as requiring the assessment to be made afresh in the suit against the shareholder. The language we refer to is on page 51 of 280 U.S., 50 S.Ct. 21, 74 L.Ed. 160. "There is not the same need that the stockholder's liability should be summarily disposed of behind his back * * * rather than by the usual proceeding of a bill in equity which is brought in the neighborhood, in which the stockholder can

730

be heard, and by which the assessment instead of one hundred per cent. can be adjusted to the specific case." We should think that that applied as well to judicial assessments as to others. It is indeed at times said that the company "represents" the shareholder in an assessment, and the case is assimilated to an action to recover a call upon a subscription, but neither statement will bear analysis. It is one thing to say that when a man takes shares in a company whose charter imposes such a liability, he exposes himself not only to it, but to all the procedural paraphernalia that goes with it. It may be desirable to disguise under the pattern of a contract the real reason, which is that he need not buy the shares at all, and that if he. chooses to do so, it is fair to charge him with the duty of advising himself of the extent of his liability; but there is no contract in fact, and none is necessary. As for a call upon a subscription, the situation is toto coelo different; for in that case there is a true contract made with the company as a promisee, and enforced as the shareholder intends it to be enforced.

█ █ Therefore we hold that the assessment in the district court of Minnesota has no extraterritorial effect and that the bill should have been dismissed. The plaintiffs may have leave to plead over, if they wish; it is not perfectly clear what they meant in the following allegation of the first article of the bill regarding the Minnesota bill: "the allegations of which bill of complaint are hereby repeated and adopted as though the same were fully incorporated and set forth herein." Whether this was intended to allege a straight cause of suit against the shareholders under Brusselback v. Cago Corp., supra, independently of anything done in limine, or whether it was only scrivener's redundancy, we cannot tell; we give the pleading the benefit of the doubt. On the amendment, if any, all reference to the Minnesota suit should be omitted; and there will be no receiver appointed, ancillary or other. It is true that the appointment of such a receiver was affirmed in Brusselback v. Chicago Joint Stock Land Bank, 85 F.(2d) 617 (C.C.A. 7); and it probably does no harm to have one in limine. But as he is only a chancery receiver, without any power or importance, until money is collected for him to keep, and as there may never be any recovery, we can see no purpose in his appointment until he has some duty to perform.

█ In Martin v. Partridge (C.C.A.) 64 F.(2d) 591, the Eighth Circuit by a divided court held that a decree was not appealable under section 227, title 28 U.S. Code (28 U.S.C.A. § 227), which appointed a "trustee-receiver" in the home jurisdiction of a joint stock land bank. The decision proceeds upon the theory that such a receiver is vested with the rights of action and is more than the usual chancery receiver. As we think that the district court had no power to appoint such a receiver and that the one actually appointed had only chancery powers, the decree was within section 227, and the appeal lay.

Decree reversed; bill dismissed with leave to plead over within such time and on such conditions as the district court may fix.