**PARTRIDGE et al. v. AINLEY et al.**

District Court, S. D. New York.
June 4, 1938.

C. Walter Randall, of New York City, for complainants.

Miller, Owen, Otis & Bailly, of New York City, for complainants-interveners.

Joseph Wheless, of New York City, for defendant Mamie Teasdale Wheless.

PATTERSON, District Judge.

The suit is one by creditors of a Federal joint stock land bank to enforce the statutory liability of stockholders in the bank. 12 U.S.C.A. § 63 et seq. Motion is made by the defendant Wheless to dismiss the amended and supplemental bill as insufficient in law.

The plaintiffs in their pleading show that they hold bonds issued or guaranteed by St. Louis Joint Stock Land Bank; that the bank was declared insolvent and a receiver appointed on June 1, 1932; that it now definitely appears that the assets will be insufficient to pay the debts and that the deficiency in assets will exceed the par value of the shares; that each stockholder is liable to the creditors for the deficiency, to the extent of the par value of the stock held; that the suit is brought in behalf of all creditors of the bank; that the defendants were either holders of record of shares

of stock in the bank when it was declared insolvent or were persons who had previously held shares of stock and had transferred them to a corporation when the bank was insolvent or approaching insolvency, for the sole purpose of avoiding liability as owners of the shares. The relief asked for is that the court determine the amount for which each defendant is liable to creditors of the bank and give recovery for such amounts.

The point mainly relied on by the moving defendant is that in a suit of this character it must be alleged in the bill that the joint stock land bank has been "judicially declared insolvent" by the district court of the district where the bank was located and that an assessment against stockholders has been entered by that court. It is claimed that the present suit is merely ancillary to a "principal suit" in the jurisdiction where the bank was located. This argument is based on a complete misconception of the remedy available to enforce the statutory liability of stockholders in a failed joint stock land bank.

By Wheeler v. Greene, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160, we know that the receiver of a failed joint stock land bank has no power to enforce the liability of stockholders; that the liability may be enforced only by creditors' bill in equity brought in the "neighborhood" of the stockholders, in which suit the stockholder may be served personally and in which any necessary assessment is to be made. By Christopher v. Brusselback, 302 U.S. 500, 58 S.Ct. 350, 82 L.Ed. 388, we know that in such a suit in the stockholder's neighborhood the creditors must allege and prove that the bank is insolvent and that assessment against the stockholders is necessary to make the creditors whole; it will not do merely to plead that the district court in the district where the bank was located has decreed, in a suit wherein the stockholders were not served, that the bank is insolvent and there is necessity for a full assessment against stockholders. It is plain that when the court in the Christopher Case spoke of the necessity of a "judicial determination" of the bank's insolvency and of the amount to be assessed against stockholders, it was referring to a determination in the very case in which the stockholders were being sued personally, not to a determination in an earlier case against the bank. The suit against the stockholders is not an "ancillary suit"; it is the only suit of any moment to the stockholders. Holmberg v. Carr, 2 Cir., 86 F.2d 727. In the present case, the plaintiffs plead that the bank's assets are insufficient to pay the debts and that the deficiency will exceed the par value of the stock. That is good pleading, and all that is required. If the averment had been added that the court in St. Louis had found the bank insolvent and had ordered an assessment, it might have been stricken from the bill as surplusage.

The moving defendant has other objections to the plaintiffs' pleading. The objection that the amount involved between the plaintiffs and this particular defendant is less than $3,000 is met by the fact that the fund sought to be collected in the suit exceeds $3,000. Brusselback v. Cago Corporation, 2 Cir., 85 F.2d 20. The objection that there is an adequate remedy at law is disposed of by Wheeler v. Greene, supra, where the remedy by creditors' bill was stated to be the proper remedy. The other objections raised have been considered but have no substance. The motion to dismiss the amended and supplemental bill will be denied.