## JONES v. HALLER.

### No. 95.

Circuit Court of Appeals, Second Circuit.

Nov. 24, 1941.

Isidor Neuwirth, of Brooklyn, N. Y., for appellant.

Fred H. Rees and Evans & Rees, all of New York City (Donald I. Peyser and William G. Walsh, all of New York City, of counsel), for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

In order to reverse this judgment we should have to hold that the judge's finding that the parties became partners in January, 1938, was "clearly erroneous." Nothing could be further from the truth; the defendant over and over again wrote letters to the plaintiff which were incompatible with any other conclusion than that he meant the plaintiff to consider himself a partner. Further, it is incredible that he should have encouraged the plaintiff to learn welding, unless he meant him to understand that he was eventually to join actively in the business. There is but one circumstance which looks the other way; the repayment of all the plaintiff's advances. It may be that the plaintiff is right in supposing that this was an adroit device to make the advances take on the appearance of loans; nobody can know, but it is most significant that the defendant's letters do not suggest that he was repaying loans. The repayment of itself was not conclusive; enough cash had become available without inconvenience, and the plaintiff was in need of the money; his original contributions had ceased to be necessary to continue a venture which was proving a bonanza. Nothing was more reasonable than that each of the two partners should reimburse himself for his initial outlay. The plaintiff, so far as appears, always remained ready to go

along as it had been originally planned; and, while the bargain has indeed proved somewhat hard for the defendant—whose efforts must have been the determining factor—that was a chance he took when he invited the plaintiff to join with him. If we could divide the profits into unequal parts, it might be juster; but there was not a shred of evidence to support any such distribution, and the judge did all that was open to him; indeed, any other conclusion would itself have been "clearly erroneous."

 Since the judgment appointed a receiver we have jurisdiction, at least pro tanto, under § 227, Title 28, U.S.Code. The review of that provision involves a consideration of all the issues. Holmberg v. Carr, 2 Cir., 86 F.2d 727.

Judgment affirmed.